## WILLSON vs. LIGHT.

In the Circuit Court, on appeal from a justice of the peace, each party is entitled to a trial by jury; and if the record does not show that a party *demanded* a jury, and the case was tried by the Court, the presumption is that he waived his right.

In a suit by an assignee upon a lost note, a plea of set-off, alone, admits the existence of the note, its assignment and loss; and if the record fails to show that the defendant offered to set off, the presumption is in favor of the Court below.

THIS was a case determined in Pope Circuit Court, in March, A. D. 1841, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges.   John Willson was summoned to appear before a justice of the peace, to answer the complaint of Wm. R. Light, assignee of E. D. Watson.   Before the summons issued, the affidavit of Watson was filed, that he had lost the note sued on.   At the trial before the justice, Willson offered a set-off, which was not allowed; and, he making no other defence, judgment was rendered against him for the amount of the note, and interest; and he appealed.   In the Circuit Court, he moved to quash the proceedings, which motion was overruled, and he went to trial.   At the trial, (which was before the Court, the record saying nothing as to the parties requiring or dispensing with a jury), the appellant objected to Watson's affidavit being read in evidence, which was overruled.   He made no other defence, and judgment went against him and his security.   Willson sued his writ of error.

*Fowler*, for the plaintiff.

*Gilchrist & Evans*, contra.

*By the Court*, DICKINSON, J.

It is certainly true, as contended, that each party, under the constitution of the United States, and of our own State, is entitled to the benefit of a trial by jury.   But then this is a personal right or benefit, which either or both of the parties may waive.   And as the record shows that neither party demanded a jury, according to the provisions of our statute regulating the practice in such cases, it is an express waiver of the right.   *Rev. St.*, *p.* 633, *sec.* 98.

The judgment was given upon a lost note, as appears from the affidavit filed before the justice of the peace. The issue in the Circuit Court was the same as before the justice of the peace. *Rev. St.*, *sec.* 186, *p.* 517. The question, then, to be tried, was, Is the defendant entitled to a set-off? This plea certainly admits the existence of the note, its assignment and loss. The record fails to show what the defendant below offered to set off. Of course, the presumption is, that the Court decided correctly. If the defendant intended to question the execution of the note, or its assignment, he had the right to do so before the justice of the peace, or before the Circuit Court. The instrument set out is certainly assignable, under our statute, and the Court below decided correctly in refusing to dismiss the case from the docket.

Judgment affirmed.