## WILSON ET AL. *vs.* NEWLAND.

The presumption of law, in favor of a verdict, will only sustain that verdict *as it is;* nothing must be added to it.

Where the jury f und a specific sum "and costs" for the plaintiff, judgment in favor of the defendant for costs, is wrong.

It is the province of the jury to find the facts, and of the court to pronounce the law up in the finding; the jury have no hing to do with costs, but only to find the facts, affecting the rights of parties in relation to them.

The duty of the court is to pronounce the regular judgment of the law upon the verdict; and its conformity to the verdict, is the test of its regularity—the verdict is the basis of the judgment.

In the absence of express enactment, this court will not presume that the principle which separates the powers and duties of the court, from those of the jury, was intended to be violated.

THIS was an appeal from a justice of the peace, determined in the Independence Circuit Court, at August term, 1843, before the Hon. THOMAS JOHNSON, one of the circuit judges. Wilson and Fore sued Newland on an account before the justice, in which they recovered a

Wilson et al. *vs.* Newland.

judgment for $88 50, from which the defendant below appealed, and upon a trial in the circuit court by a jury, the plaintiff below obtained a verdict $12 25 "and costs." The court thereupon rendered judgment in favor of the plaintiff for the amount found by the jury and his costs before the justice of the peace, but gave judgment against him for the costs in the circuit court, because it appeared that he had recovered a less sum in the circuit court, than before the justice of the peace. To reverse this judgment for costs the plaintiffs below prosecute this writ of error.

*Wm. Byers*, for plaintiffs.

*Pope*, contra. The plaintiffs in error contend that the judgment ought to be reversed for the following reasons: 1st, because the judgment is not consistent with the verdict of the jury; and 2d, because the statute or law of the land does not warrant such a judgment.

The judgment is in conformity with the verdict of the jury. The costs is a matter that the jury had no right to determine, that being the province of the court to decide. The presumption is, then, in favor of the judgment of the court below, unless it affirmatively appears from the record, that the court was not authorized in rendering such a judgment. Every act of a court of competent jurisdiction shall be presumed to be rightly done until the contrary appears; and this rule applies to every proceeding from the institution to the final termination of the suit. *Woods, Ex parte*, 3 *Ark. Rep.* 532. If there had not been any tender according to the provisions of the statute before the defendant perfected his appeal, the plaintiffs should have objected to the judgment of the court below. By doing so, they would have made it a part of the record. The presumption is that the proof warranted the judgment of the court. *Lenox vs. Pike*, 2 *Ark. Rep.* 14.

*By the Court*, SEBASTIAN, J. The Revised Code, page 204, section 21, provides that "when an appeal shall be taken from a judgment of a justice of the peace in favor of the appellee, upon a trial *de novo* in the circuit court, costs shall be adjudged as follows: If the

appellant shall at any time before his appeal is perfected, tender and offer to pay to the appellee any portion of the judgment, which shall not be accepted in satisfaction, and the appellee shall not, in the circuit court, recover more than the amount so tendered and refused, he shall pay the costs of the appellate court. If no such tender shall have been made, and the appellee recover any sum in the appellate court, or if, after such tender and refusal, the appellee shall recover more than the amount tendered, the appellant shall pay the costs in both courts."

To warrant the circuit court in this case in giving judgment against the plaintiff for the costs of the appellate court, under the provisions of the statute, above referred to, the appellant below should have tendered a portion of the judgment, and proven that it was refused. Do these facts of tender and refusal sufficiently appear upon the record, or can their existence be presumed to sustain the regularity of the judgment for costs? Their existence certainly does not appear in the proceedings, and the presumption of law in favor of the regularity of the proceedings, as established by this court, would only, in this case, sustain the verdict *as it is*, without adding any thing to it. *Woods, Ex parte*, 3 *Ark.* 532. *Waller et al. vs. The State*, 4 *Ark.* 88. *Wilson vs. Light* 4 *Ark.* 158. There was a general finding of the jury in favor of the appellee "for $12 25 and costs." The province of the jury was only to find the facts, and of the court to pronounce the law upon such finding. They had nothing to do with costs, except to find the necessary facts, affecting the rights of the parties in relation to them, and the verdict is to be regarded as only a general finding. To warrant the judgment for costs, the jury should have found the facts of tender and refusal in their verdict. Had the matter been submitted to the court, the presumption would have been in favor of the judgment, but it was here submitted to the jury. The duty of the court was simply to pronounce the regular judgment of the law upon the verdict; and the regularity of the judgment is to be tested by its conformity to the verdict upon which it is based. There is nothing in the verdict upon which to base the judgment for costs. The finding in favor of the plaintiff, is not more essential to support his judgment for the debt against the defendant, than is a finding of the

facts of tender and refusal to sustain a judgment for costs in his favor against the plaintiff. There can be no doubt as to whose province it is to find the facts and pronounce the law thereon. The statute makes no express provisions as to who shall find the facts necessary to warrant the different judgments for costs: and in the absence of express enactments to the contrary, we will not presume that a principle so cherished as that which separates the du'ies and powers of the court and jury, was intended to be violated. The judgment of the court was therefore unwarranted, and must be reversed, and the cause remanded with instructions to set aside the judgment against the appellee in the circuit court for costs, and render judgment in favor of said appellee against said appellant, for the costs as well before the justice of the peace, as in the circuit court.