## JOHNSON VS. FRANK.

The court may well assess the plaintiff's damages on an interlocutory judgment, in a suit founded upon an instrument of writing, where the demand may be ascertained by the instrument, although the declaration contain a general count, as well as a special count, upon the instrument.

But where a portion only of the demand sued for can be ascertained by the instrument—as where the plaintiff sues for the ten per cent. interest, damages, and protest fees, as well as the amount of a bill of exchange protested for non-acceptance—it is error in the court to assess the damages.

*Error to the Circuit Court of Chicot County.*

Hon. J. C. MURRAY, Circuit Judge.

FOWLER, for the plaintiff. The plaintiff in error contends that the court erred in rendering judgment for a larger amount than appeared, by the bill of exchange, to be due, and that it could not legally find the damages, interest, and protest fees, unless by the consent of the parties, but should have called a jury—especially as one of the counts was on an account stated. *Ark. Digest,* 809, *sec.* 81, 82, *p.* 216, 217.

One of the counts was a *common count,* and, in all such cases, a jury is necessary to assess the damages; and it is error for the court to assume that office. *Starbuck vs. Lazenby,* 7 *Blackf. R.* 268 ; *Sherman vs. Wilson, ib.* 362 ; 9 *Missouri Rep.* 166.

PIKE & CUMMINS, for the defendant. We suppose, on default, every fact in the declaration is admitted. The law fixes the amount of recovery on the facts, and the court or clerk could ascertain damages. *Witt et al. vs. State,* 14 *Ark. Rep.* 173.

Mr Justice Scott delivered the opinion of the Court.

This action of assumpsit, was upon a bill of exchange for $1090, drawn by Johnson, at Belle Point, Arkansas, on George M. Pinkard & Co., at New Orleans, and alleged to have been protested there for non-acceptance. Besides a count on the bill, the declaration contained a common count.

"The defendant below having withdrawn all his pleas, and saying nothing further why judgment should not be rendered against him, and the plaintiff now exhibiting to the court the bill of exchange sued upon and filed in this case, and the court having inspected the same, found for the plaintiff the sum of $1181, the amount of the said bill of exchange, interest and damages thereon, and protest fees; and, thereupon, considered that the plaintiff recover against the defendant, the said sum of $1181, for his damages, so as aforesaid assessed, with interest on the sum of $1090, the amount of said bill of exchange, to be computed at the rate of ten per centum per annum, from the day of the judgment until paid," &c.

We think that the objection made, that where there is a general count and also a special count in the same declaration, that it would be error for the court to assess the damages, is not well taken. Because, under our statute, (*Dig.*, *ch.* 126, *sec.* 128,) where there are several counts, and entire damages are given, the verdict shall be good, notwithstanding one or more of the counts may be defective. And within the reason of this regulation, where there is a general, and also a special count, the finding and judgment of the court, without the intervention of a jury, may be well enough sustained, as referable to the special court only.

But the other objection will have to be held good, because by our statute, (*Digest*, *ch.* 126 *sec.* 81, 82), "Whenever an interlocutory judgment shall be rendered for the plaintiff by default, or upon demurrer, in any suit founded upon *any instrument of writing*, and the demand is *ascertained by such instrument*, the

*court* shall assess the damages, and final judgment shall be given thereon. In all *other cases* of such interlocutory judgments, the damages shall be assessed by a jury," &c.

And in this case only so much of the demand sued for, as appeared on the face of the instrument, could be ascertained by it; and neither the ten per cent. interest, the four per cent. damages, or the protest fees, thus appeared. On the contrary, they arise out of provisions of the statute, (*Digest, ch. 25, p. 216, 217, sec. 8, 10*), upon proof of the fact, of the alleged protest, which it is for a jury to ascertain, and then assess the damages, according to the clause of the statute above copied—these being all matters *dehors* the bill, and cannot be recovered at all, unless upon proof of the protest, a matter in *pais*.

The judgment of the Circuit Court of Chicot county, must therefore be reversed, and the cause remanded, with instructions to that court, to submit the case to a jury, for the assessment of the damages, unless waived by the parties, and to render a judgment for the plaintiff below accordingly.

Absent, Mr. Justice WALKER.