## SPENCER VS. McDONALD ET AL. ADME.

Where two or more pleas are filed, which are, in substance, the same, or would be sustained by the same testimony, the court should, upon motion, compel the pleader to elect upon which plea he will stand. (5 *Eng.* 36; 14 *Ark.* 185.)

Where a demurrer to a pleading is erroneously sustained and the party has other pleadings under which the same evidence might be given that might have been given under the pleading demurred to, he is not prejudiced by the action of the court.

The "peaceable possession of slaves for the space of five years," contemplated by the statute (sec. 3, ch. 162, Gould's Dig.) must be a possession adverse to the plaintiff, and not as his bailee, or under a loan from him.

Under a plea of peaceable possession for five years, the possession, if proved, would be presumed to be adverse, and it would devolve upon the plaintiff to show the contrary.

Where there has been a void gift of slaves—the gift being by parol and the statute prescribing that such gift, to be valid, shall be in writing—and an adverse possession under the gift for five years, the statute will run in favor of the person in possession.

Where the adverse possession of slaves commenced in another state, the time during which they were there so held, will be computed in determining whether the period of limitations has elapsed.

Where possession of property is acquired as bailee, that relation will be presumed to continue unless the contrary is shown, and an action of replevin will not lie until after demand. But if the bailment is determined by the act of the bailee, or if upon his death his administrator return the property in the inventory as the property of his intestate, which is a determination of the bailment, a demand is unnecessary.

## Appeal from Calhoun Circuit Court.

Hon. THEODORIC F. SORRELLS  Circuit Judge.

HARRISON & HOOKER, for the appellant.

No length of possession, although upon a claim of property, will constitute title in the bailee against the bailor, unless there has been a demand and refusal, or some act changing the nature of the possession. Baxter vs. Henson, 13 Ire. 459; 1 Dev. & Bat. 13; Lenox vs. Notrebe et al., Hemp. C. C. R. 255; 2 John. C. Rep. 30, 269. The possession of the bailee cannot be adverse until the bailment is determined. Hill vs. Hughes, 1 Dev. & Bat. 336; 3 Eng. 109.

The statute of 19th December, 1846, could not begin to run against the bailor until the bailment was determined, and the bailee's possession had become adverse. Kirk vs. Smith, 9 Wheat. 288, McIvor vs. Ragan, 2 Wheat. 29; 16 Ark. 671; 17 Ark. 222; 18 Ark. 384; 19 Ark. 289; 17 Ark. 199; Ib. 520.

The possession of the negroes in North Carolina was under a contract of bailment, and the statute could not affect the

plaintiff's rights under that contract. *Story's Confl. of Laws,* sec. 20; 11 *Wheat.* 361; 3 *Hen. & Munf.* 57.

GARLAND, & RANDOLPH for appellant.

The first question presented is on plaintiff's 2d replication to defendants' 8th plea; which alleges that defendants' possession was not adverse, etc. This replication was demurred out. Judge Scott, in deciding the case of *Morine vs. Wilson, ad. et al.* 19 *Arks.* 520, held that the possession of five years must be continuous, peaceable and *adverse*—and he cited the statute relied on, and the previous cases in this court on that point—17 *Arks.* 109. *ib.* 222. We cannot very well see how else the law can be construed. It is evident, it seems to us, that the possession here must be *at war* with the right and title of any one else—*inconsistent* with that of any one. Such is the law everywhere, and as to all kinds of property. 24 *Wendell,* 587; 8 *Cranch,* 462; *Brent vs. Chapman,* 5 *Cranch,* 358, in which a similar statute in Virginia was construed; 7 *Wheaton,* 59; 5 *Peters,* 402; *Boyd vs. Beck,* 29 *Alabama Rep.* 703; *Kennedy's Executors vs. Townsley's heirs,* 16 *Ala.* 239.

There can be no question as to the possession having to be peaceable and uninterrupted by the very act of 19*th December,* 1846, *itself,* and by the cases in this court cited *supra.* Now as to the effect of the latter part of it, which is the loan to Raiford—certainly if the property was a loan to R. the limitation could not run against it. *Angell on Lim's.* 173; *Snodgrass vs. Bank at Decatur,* 25, *Ala.* 161. He could not gain by his own fraud, unless he showed by facts pleaded, there was time for the plaintiff, with due diligence, to have known of the conversion and claim in his own right. 25 *Ala. sup.* *Weeks vs. Weeks,* 5 *Iredell* (*N. C.*) 111. *Keaton vs. Greenwood,* 8 *Geo.* 97. 11 *Humphrey* (*Tenn.*) 369. *Fox vs. Cash,* 11 *Penn.* (1 *Jones*) 207. The North Carolina case is particularly applicable.

The bare fact of an administrator holding the property does not, by lapse of time, change the character of the intestate's

original possession—and it is so ruled by this court in *Harriet et al vs. Swan & Dixon*, 18 *Arks*. 495.

There is no question at all as to Raiford's being a bailee in North Carolina. The law of North Carolina read on the trial proves it—this law was passed in 1806. The parol gift under this statute amounts to nothing—it is no more than a loan—see on this point also, where this law is fully passed on by the court, *Smith et ux. vs. Yeates*, 1 *Dev*. 302. *Cotton vs. Powell, N. C. Law Repository*, notes 1 and 2, *p*. 313; 3 *Murphy* 483; 2 *Dev*. 240; 3 *Dev*. 171; 2 *Dev. & Batt*. 115, 125. As to the point relative to changing the relations of Raiford—*see authorities sup. Story on Bailments* 269, 346, 347. If bailee in North Carolina he was bailee here, 17 *Arks*. 154; *Story Confl. of Laws* 238-9, *ib.* 75. The bailment being a personal trust expired with bailee; 18 *Arks*. 495; 17 *ib.* 154.

There is no *openly avowed claim* to hold the negroes against Spencer, that could by any means make his possession peaceable, much less adverse. *Angell on Limitations*, 390, *et seq. notes*. " The fact of the possession, and the *quo animo* it commenced or continued, are the only tests—and it must necessarily be exclusive of any other right." *Smith vs. Burtis*, 9 *Johns R*. 180. So far from there being any exclusive right here of Raiford, we have it, that he recognized the title of S. to the *negroes*.

WATKINS & GALLAGHER, for appellees.

It made no difference as to the rights of appellee in this case, that a portion of the five years term of possession was passed by Raiford with the possession of the property, in North Carolina, since the plaintiff, by a resort to the forum in this state, is bound by our laws which govern his remedy.

This question has been expressly adjudicated by this court. *Blackburn vs. Martin et al.*, 18 *Ark*. 394, *and authorities cited*.

This is so, because the property of the citizens of the several states, like the owner of it, is governed by the laws of the country where it is found. *Story's Con. L.* 22. And because:

The remedy must be pursued according to the *lex fori*, and

not according to the law of any other place. *Angell on Lim.* 62; *State vs. Swofc*, 7 *Ind.* 91; *Story's Con. L., secs.* 581, 576, *and authorities cited;* 1 *Cain's Rep.* 402.

Our statute says nothing about bailees, or any other possession, nor whether it be adverse, nor within this state, so it has been peaceable and of five years duration before suit brought. The gist and point of it is, that a delay of five years to resume possession shall bar the right to resume. *Smith ad. vs. Newby,* 13 *Misso.* 165; *Stanly vs. Earl,* 5 *Litt.* 282.

That the peaceable possession alone, for the term, is sufficient to bar action for the slaves, as against all the world, appears. because: 1st. The statute so reads. 2d. Such a construction is consonant with the object and intention of the law, and the evils to be remedied. 3d. The decisions in Virginia on a statute, similar, in many of its terms and objects, to ours, [*Hen. Stat. at large* 162,] are to this effect. *Newby's ad. vs. Blakely,* 3 *H. & M.* 64; *Elam vs. Bass,* 4 *Munf.* 301; *Gay vs. Mosely,* 2 *Ib.* 543; *Ib.* 289.

In 11 *Wheaton* 371, the court intimate that a possession like the one proved here in Raiford is, in fact *adverse,* because the party plaintiff is put to his action to recover possession.

And in *Bronce vs. Broach,* 5 *Sneed,* 320, the court said:

" If a gift, though by parol, be established, the possession of the donee would be taken in conformity to it, and consequently under a claim of title and adverse to the donor. In such a case the statute would make a good right in three years. That which was void even between the parties by the act of 1831, [the gift being by parol,] would be made good by the act of limitations, or rather a new right would be created by time operating upon the adverse possession."

And according to the above cited case, his holding under such a gift would be sufficiently *adverse,* even if an *adverse* possession was required by our law.

Even admitting that by the law of North Carolina this gift would not be a gift valid there, still, under the circumstances of this case, in the absence of that law, it seems clear that even in that state, and here also, it would be considered as a gift in

fact, and supported as such.    See the decisions in North Caro-
lina prior to the enactment referred to.    1 *Haywood* 2; 97; 451;
2 *Ib.* 72, 154.

Hon. HARRIS FLANAGIN, Special Judge, delivered the opinion of
the court.

This was an action of replevin in the *cepit and detinet* against
the defendant as administratrix of Robert J. Raiford, for twelve
slaves.    The defendant intermarried with John B. McDonald,
and the case was ordered to progress in the names of the hus-
band and wife, as administrators de bonis non of the intestate.

The defendants afterwards plead as follows:

*First.* The defendant did not unlawfully detain;   *second*, the
defendant does not unlawfully detain;   *third*, the defendant did
not unlawfully detain at the commencement of this suit;   *fourth*,
the defendant did not at the institution of this suit unlawfully
detain; *fifth*, limitation of two years;   *sixth*, limitation of three
years; *seventh*, non accrevit within five years;   *eighth*, the de-
fendant has been in peaceable possession for more than five
years; *ninth*, the defendant and Raiford have had peaceable
possession for more than five years;   *tenth*, the defendant and
Raiford have had peaceable possession for more than five years
without demand; *eleventh*, the defendant and Raiford have been
in the peaceable and uninterrupted possession for five years;
*twelfth*, the defendant has had peaceable and uninterrupted
possession for more than five years;   *thirteenth*, the defendant
and Robert Raiford have had peaceable and adverse possession
for more than five years, *fourteenth*, that the slaves were the pro-
perty of the defendant as administrator; *fifteenth*, non cepit;
*sixteenth*, property in the defendant as administrator de bonis
non.

The first four pleas were to the first count; the fifth to the
thirteenth inclusive, are to both counts, and the last three to the
second count.    The second, third and fourth pleas were stricken
out on motion; a demurrer was sustained to the fifth, seventh

and tenth pleas, and the thirteenth plea was withdrawn before trial.

The object of pleading is to ascertain the matter in dispute between litigants, by letting them affirm and deny specific facts upon which the relief asked depends, and the truth of which facts is afterwards to be ascertained by a jury. When two or more are filed which would be sustained by the same testimony, a court should, upon motion, compel the pleader to elect upon which plea he will stand. *Lawson et al. vs. the State*, 5 *Eng*. 36, *and Sumpter vs. Tucker*, 14 *Ark*. 185. Pleas of this nature are only calculated to render obscure the matters in litigation.

In this case there are sixteen pleas, more than twenty demurrers, fourteen replications, as many rejoinders, and five surrejoinders. It would be a wonder if a judge in the hurry of *nisi prius* practice, should decide the law on all these points correctly.

This case was tried on the first, sixth, eighth, ninth, eleventh, twelfth, fourteenth, fifteenth and sixteenth pleas. The first, sixth, eighth, ninth, fourteenth and fifteenth pleas will admit all the defence offered below. The eighth and ninth pleas would be sustained by the same testimony as would be required by the twelfth and thirteenth, and the same testimony would sustain the fourteenth as would be required to sustain the sixteenth.

It will only be necessary to notice the eighth, ninth and eleventh pleas to decide the legal points raised in relation to the pleadings, and the only question presented is whether a demurrer is rightly sustained to a replication or surrejoinder, which responds to a plea of five years peaceable possession, or a rejoinder setting up the same fact, " that the possession was not adverse," or " that the defendant held as bailee," or " that the negroes were loaned to defendant, and that he held them as such."

Our statute prescribes that " peaceable possession of slaves

etc., for the space of five years shall be sufficient to give the possessor the right of property therein."

It has been often ruled, and may be said to be settled law, that where a right of property is given by statute it is sufficient for the pleader to assert his claim in the words used by the law-making power. In this case, it is five years peaceable possession that gives title, and the defendant can only be required to plead five years peaceable possession, and can only be required to prove what he pleads. But what does the word possession, when used in acts of limitation, mean?

It will hardly be contended that possession, as used generally in statutes of limitation, must not be adverse, or in other words, under claim of title, however unfounded that claim may be. *Wood vs. Bucker*, 2 *Har. & M. Hen. R.* 145; *Callis vs. Tolson*, 7 *Gill & Johnson's Md. R.* 81; *Angel on Limitation*, 329, 396, et seq.; *Weeks vs. Weeks*, 5 *Iredel N. C.* 111.

In regard to the statute under which this defence is interposed, this court held in *Pryor vs. Ryburn*, that Ryburn's title was good, for the reason that his possession was adverse. *Pryor vs. Ryburn*, 16 *Ark.* 671. In *Machin vs. Thompson*, 16 *Ark.* 199, the possession was adverse, and the court seem to rely upon this in sustaining the case. In *Crabtree vs. McDaniel*, the answer says the defendant had " continuous peaceable possession as his own property," and the court say there was no evidence of any adverse claim. 17 *Ark.* 222. In *Harriet vs. Swan*, 18 *Ark.* 399, the defendant set up five years possession. The court say " But the difficulty in the way of that theory is the want of the indipensable prerequisite, adverse possession on her part. In *Saddler et al. vs. Saddler*, 16 *Ark.* 628, there was adverse possession. In *Anderson vs. Dunn*, 19 *Ark.* 650, the court say, that under the general issue the defendant may have title to a slave by adverse possession and lapse of time.

The court seems, in all these cases, to have studiously avoided the raising of an inference that possession was sufficient if it was not adverse, while in *Harriet vs. Swan*, it is positively decided that the possession must be adverse. Was this question

a new one we would have no difficulty in holding that a possession under another and not adverse to the true owner, would not be sufficient to sustain the defence.

Under this plea of peaceable possession for five years when possession was proven, it would be presumed to be adverse, unless the proof showed the contrary, and the finding such a plea proven would include the fact that the defendant had been in adverse possession for five years. The plaintiff, by a replication traversing the plea and concluding to the country, could introduce any proof which tended to show that the defendant did not have adverse possession. This court has ruled in several cases that a party is not prejudiced by a demurrer being sustained, when the same evidence which would support the pleading could be introduced under other pleading in the case.

The plaintiff replied to the eighth plea; *first*, traversing the plea and concluding to the country; *second*, the possession was not adverse; *third*, that the negroes were received by Raiford as a loan.

The defendant took issue to the first, demurred to the second, and filed three rejoinders to the third. The plaintiff filed surrejoinders to the second and third rejoinders, to one of which the defendant demurred. The court sustained the demurrer to the second replication and also the demurrer to the surrejoinder, and held that it be held to reach back to and be sustained to the third replication.

As the evidence which would be required to sustain the second and third replications, could be given, under the first replication, the plaintiff was not prejudiced by the demurrers being sustained. The demurrer to the second replication to the ninth and eleventh pleas is a denial of the adverse possession, after a first replication traversing the possession and concluding to the country. The plaintiff was not prejudiced by the ruling. The same conclusion results from an examination of the judgment on the demurrer to the surrejoinder to the third and fourth replications to the ninth and eleventh pleas.

There were twenty-five instructions asked for the plaintiff, and eight for the defendant. Without undertaking to review all the instructions the court will adjudicate the principles necessary to a decision.

It is claimed by the plaintiff that Robert J. Raiford, many years since, married a daughter of the plaintiff, who placed in the possession of Raiford and wife, some of the negroes sued. for, who are the parents of the rest. That Raiford held at the will of Spencer, and that his wife was dead.

There is in the record a copy of an act of the legislature of North Carolina, which makes it indispensable to the gift of slaves that it should be evidenced by writing, proven or acknowledged as conveyances of land, and registered in the register's office.

In *Shelby vs. Grey*, 11 *Wheaton*, 361, the defendant claimed slaves by a parol gift and possession for five years, in the state of Virginia. At the time of the alleged gift, there was an act which made a parol gift of slaves either void or voidable. The court held that if the gift was void or voidable, still the possession going with the gift, the statute gave title by limitation.

In *Prince et al vs. Broach*, 5 *Sneed*, 318, a slave was claimed by a gift by parol and limitation. At the time there was a statute which made a gift of slaves by parol void. The court say, " But an adverse possession by or for the donee of three years under such invalid gift will make a good title. The same principle is decided in *Wheaton vs. Weld*, 9 *Humphries*, 773.

A parol gift accompanied with possession of land was held by the Supreme Court of Massachusetts, as vesting title in the donee. 6 *Mass R.* 337.

These authorities are in point to show that if there was a gift and an adverse possession, our statute would run notwithstanding the gift was void.

It is contended by the appellees that the statute could not run while the property was in Raiford's possession in North Carolina. This court has decided in *Blackburn vs. Morton et al.* 18 *Ark.* 384, that when parties come into this state they must

be held as submitting themselves to all laws in force for the redress of grievances. The court will not disturb that decision·

It is claimed that if Raiford held the negroes as bailee, then no time can change the relation. If Raiford received the negroes as a gift and held them adverse to Spencer, then, as we have held, the limitation law would run from the time he received them. But if he received them as Raiford's property and held them as such, until within the period of limitation, then of course the act does not apply. If Raiford received them as bailee, then that relation is presumed to remain until it be shown to have terminated, or the bailee have indicated an intention to hold adversely by acts or declarations notorious in their character and inconsistent with the title of the bailor.

A demand is necessary in replevin in the detinet when the defendant holds as the bailee of the owner. But if he has determined that bailment, by any act which is open and notorious in its character and utterly inconsistent with the title of the plaintiff, then no demand is necessary.

In this case the slaves were inventoried and appraised as the property of Raiford, and if there had been a bailment before, by this act a demand was rendered unnecessary: on the other hand, if Raiford had claimed them as his in his life time, the plaintiff could only fail on the merits, and not for the want of a demand.

The court instructed the jury that a demand was necessary, which was erroneous. The court also refused to give instructions for the plaintiff, which indicated that adverse possession was necessary to sustain a plea of the statute of limitation.

The case is reversed with directions to the court below to sustain any motion to require the defendant to elect between pleas which may be in substance the same.

Mr. Justice COMPTON did not sit in this case.