HODGES *v.* CRAWFORD AND WIFE.

ASSESSMENT OF DAMAGES.  Where an interlocutory judgment by default is rendered, in an action upon an open account, the damages must be assessed by the jury.

*Error to Independence Circuit Court.*

Hon. RICHARD H. POWELL, Circuit Judge.

Byers & Cox and Wassell & Moore, for plaintiff.

Gregg, J.

Hodges complains that the circuit court of Independence county, at the May term, 1868, erroneously rendered judgment in favor of the Crawfords, and against him, for $252\frac{50}{100}$.

The action was in assumpsit, founded upon an open account. The record states that, at the return term, "the plaintiffs appeared, and the defendant, being duly served with process and three times called, came not." It was ordered that a judgment by default be entered against him, and upon an account of $250 against him, sworn to and filed by one of the plaintiffs in their behalf, the court assessed their damages at $250\frac{50}{100}$, and rendered judgment accordingly.

The only question here presented is, whether or not the circuit court could legally assess the plaintiffs' damages, upon the defendant making default.

This question has long since been settled by direct legislative enactment.

On page 858, Gould's Digest, (sec. 81,) declares "that whenever an interlocutory judgment shall be rendered for the plaintiff by default, or upon demurrer, in any suit founded on any instrument in writing, and the demand is ascertained by such instrument, the court shall assess the damages, and final judgment shall be given thereon."

The next section declares that "in all other cases of such interlocutory judgments, the damages shall be assessed by a jury, impaneled in the court for that purpose, and every such inquiry of damages shall be made at the term next after the term at which such interlocutory judgment shall be rendered, unless the court direct it to be made at the same term." *Evans v. Parks*, 10 *Ark.*, 806; *Johnson v. Pearce*, 12 *Ark.*, 599; *Johnson v. Frank*, 16 *Ark.*, 199.

The above statute was not changed by the act of 1866–7, p. 210, so as to authorize the court to hear proof and assess dam-

ages in cases not founded upon an instrument of writing, and on which the demand could be ascertained upon its face.    This last statute only provided that a party, upon his own oath, can make a *prima facie* case, upon trial, when 'the opposing party does not dispute such evidence.    That act made statements, on oath, competent evidence for certain purposes, that were not so before that time; and, by still later ordinance, or acts of legislation, all litigants are competent witnesses.    But this does not change the time or mode of trial, nor do those acts extend the powers of the court, or in any manner restrict a defendant's right to a trial by jury, wherein he does not waive that well established and important right.

The judgment is reversed, the cause remanded, with directions to allow the defendant to plead to the declaration, if he asks so to do, and to proceed to final judgment according to law.