## NEIS v. GILLEN.

REPLEVIN—*What plea of non-detinet puts in issue.*—In replevin, the plea of *non detinet* puts in issue the plaintiff's title to the property, as well as the wrongful detention by the defendant and, to entitle the plaintiff to recover he must prove both his title and the detention.

SAME—*Judgment, when for defendant on plea of non detinet.*—Where the plaintiff fails to prove title and detention of property on trial, the defendant will not be entitled to a judgment for return of property or damages on the plea of *non detinet,* unless he plead with the general issue or give notice of matter which, if properly pleaded by avowry or cognizance, would be a bar to the action.

APPEAL FROM SEBASTIAN CIRCUIT COURT.

HON. WILLIAM GLASS, *Special Circuit Judge.*

*English, Gantt & English,* for Appellant.

The proof shows that the partnership was a special one, and in such case, one having the right of possession may maintain replevin, though the general title to the property may not be in him. *Prater et al. v. Frazier and wife,* 6. *Eng.,* 249; *Cox et al. v. Morrow,* 14. *Ark.,* 603.

In this view of the case, the court below erred in refusing to give the second, third and fifth instructions moved for appellant. *Boynton v. Page,* 13. *Wend.,* 425.

But on the supposition that the parties were full partners, the court should have instructed the jury to find as in case of non-suit. *Bailey v. Stark,* 1. *Eng.,* 191; *Allen v. Davis,* 13. *Ark.,* 28; *State v. Roper,* 8. *Ark.,* 491; *Hill v. Rucker,* 14. *Ark.,* 706. The court erred in instructing the jury that they could not find the facts specially for the court to declare the law, but must bring in a general verdict. *See Sec.* 39, *Chap.* 48, *Gould's Dig.,* p. 645; *Secs.* 353, 359, 360, *Code of Practice.* If the amount found was not for the value of the cattle, but for damages to the defendant for being deprived of the possession of them, it was unwarranted by law, grossly excessive, and without any evidence whatever to sustain it. *Noland v. Leech,* 10. *Ark.,* (5. *Eng.*) 504.

*B. T. Du Val and U. M. Rose*, for Appellee.

The case turned on the question as to whether appellant and appellee were partners as to the cattle replevied. As to this, the evidence was very conflicting and this court will not attempt to weigh it. *Rose's Dig.*, 559, Sec. 45.

That one partner cannot sue another at law is a familiar principle. *Allen vs. Davis,* 13 *Ark.*, 28; *Houston vs. Brown*, 23 *Id.*, 333; *Collyer Part. Sec.* 264, *et seq.*

Taking the instructions all together, the case was fairly submitted to the jury, and their verdict should not be set aside. *Burton vs. Merrick*, 21 *Ark.*, 357.

The jury, in finding for the defendant, were bound to give a verdict for the value of the property. *Gould's Dig.*, Ch. 145, Sec. 38; *Civil Code, Sec.* 362.

The judgment, on the whole record, being right, should be affirmed. *Davis vs. Gibson*, 2 *Ark.*, 115; *Payne vs. Burton*, 10 *Ark.*, 54; *Sweeptzer vs. Gaines*, 19 *Ark.*, 96; *Williams vs. Millen,* 21 *Ib.*, 470; *Civil Code, Sec.* 370.

HARRISON, J.—This was an action of replevin for fifty-six head of cattle, founded on the wrongful detention of the same, commenced before the adoption of the Code of Practice. The defendant pleaded *non detinet* and the jury found the issue thereon for the defendant and assessed his damages at the sum of $1473 12, and the defendant electing, as the record says, to waive a return of the property, judgment was rendered in his favor for the damages assessed. The plaintiff appealed.

The only point in controversy, on the trial, appears by the evidence, preserved by the plaintiff's bill of exceptions, to have been, whether the defendant was a partner of the plaintiff, and as such, a joint owner with him of the property replevied, and no evidence whatever was offered of a demand, or of any other fact tending to prove a wrongful detention of the same; no valid objection can therefore be urged against the verdict, so far as it was responsive to the issue.

· The question, however, arises, whether the defendant was, upon his plea, entitled to a judgment for the damages assessed by the jury.

Although the plea, according to *Sec.* 34, *Ch.* 145, *Gould's Digest*, put in issue the plaintiff's property in, as well as the defendant's wrongful detention of the cattle, and to maintain his action the plaintiff was required to prove both his title and the detention by defendant; yet, a failure to prove his title, was not inconsistent with a want of title in the defendant, and a verdict in favor of the latter was not decisive of a right of property in him, for no question as to his title was involved in the issue.

The question here presented arose in *Brown vs. Stanford*, 22 *Ark.*, 76, and the court in that case say: "Under the 44*th Section of Chap.* 145, *of Gould's Digest*, the Circuit Court, in rendering judgment for the defendants, upon the verdict, also directed a judgment of the return of the negro to the defendants, as a necessary consequence of any judgment in their favor upon final trial; and the question, now before us, is, whether a return of property should be awarded to one, from whose possession it never was taken, to one whose own proof shows that he never claimed the property, and whose successful defense of the action depends upon the fact of his not being liable to any suit about the property. The statute cited is very broad, but it never could have been its intention to have given to a stranger property that he had been illegally sued for; to have punished the owner of property, with its forfeiture, because, by accident, by carelessness, or by real design, he had brought suit for property out of his possession, against one who is proven never to have been in possession."

This reasoning of the court seems to be conclusive, but the statute itself is the best answer to the question; for, by attending to the distinction we have pointed out in respect to the title of the party the plea puts in issue, and on examination of section 35, of the same chapter, it will clearly appear that a defendant is never entitled to a judgment of return, or

for damages for the detention of the property, upon a plea of *non detinet.* It is as follows: "With the plea, denying the taking or *detention* of the property claimed, the defendant may give notice of any matters *which if properly pleaded by avowry,* cognizance, or plea, would be a bar to the action, and which if the goods had been replevied, would entitle him to a return thereof; and he may give such matters in evidence, on the trial, in the same manner and with the same effect, as if the same had been so pleaded." Language, we think, could scarcely be plainer, and it is clear, beyond all doubt, that if the defendant wishes to have the goods replevied, restored to him, he must by avowry, cognizance, or plea, set up and show such matters as entitle him to a return, or else give notice thereof, with the general issue, and that he cannot have a return merely because the plaintiff fails to prove the taking of the goods, or his title to them, and the detention thereof, as the case may be.

The damages assessed by the jury were most likely intended to be the value of the cattle, and not merely compensation for the plaintiff's detention of them, for they amount to the full value proven, and would be grossly excessive if for the detention only. But damages for detention are but an incident to the right of return, and there cannot be a judgment for damages where there can be none for a return. *Whitwell vs. Wells,* 24 *Pick.,* 25.

The judgment of the court below must, therefore, be reversed, and the cause remanded to it, with instructions to enter judgment for the defendant upon the verdict of the jury, except for the damages assessed by them, in accordance with law and consistent with this opinion.