## HODGES *v.* NALL.

### Opinion delivered January 21, 1899.

1. REPLEVIN—WHEN DOES NOT LIE.—Where, in replevin for some cows which defendant agreed to sell plaintiff, it appeared either that defendant delivered them to plaintiff at the time the agreement was made, and was not afterwards in possession of them, or that he failed to complete the sale by making delivery, replevin will not lie in either case, though in the latter case defendant might be liable on his contract for failure to deliver. (Page 138.)

2. SAME—DAMAGES.—If a defendant in replevin has sustained damages by being wrongfully arrested, under Sand. & H. Dig. § 6388, for having concealed the property in suit, he cannot recover damages therefor in the action of replevin. (Page 140.)

Appeal from Hot Springs Circuit Court.

ALEXANDER M. DUFFIE, Judge.

#### STATEMENT BY THE COURT.

The appellee recovered a judgment in replevin against the appellant for two cows.

It appears, from the evidence of the appellee in this case, that (to use his own language): "I sold unconditionally to the defendant, B. F. Hodges, the right to sell a certain trap, patented May 7, 1889, No. 402,589, in Grant county, Arkansas, for the consideration, two cows, one running in the range west of the Saline river, near Horton Webb's, known as the Dock Sandford cow, which was white and red pied, and the other roved about the defendant Hodges, at Prattsville, on the east side of the river,—a black muley bell cow,—which he pointed to me as one of the cows traded me. This cow was pointed out to me at the time we traded. The one near Mr. Webb's he would not be responsible for, as she might be drowned; but the other one he wanted me to leave with him for a while, as she was the leader. Defendant also agreed to assist in getting up the cows when I should send for them." He further also testified: "It was distinctly understood that they were sold and delivered at the time in the range, where they were running." He also testified: "I don't know that defendant ever exercised any ownership over the cows after he traded them. I know he refused to give them up." It was shown by the testimony of the constable that the cows were on the range when he went to serve the writ,—that they were not found in the possession of the defendant.

The court refused to give the following instructions asked by appellant as the law in the case to-wit:

"No. 1. The jury are instructed by the court that the plaintiff claims the title to the property in question by purchase of defendant; and unless the jury believes from the evidence that defendant sold plaintiff the cattle in controversy, and delivered them to him at the time of the purchase, or subsequent thereto, and before the institution of this suit, your verdict should be for the defendant.

"No. 2. The jury are further instructed that if they believe from the evidence that the cattle in controversy were sold by defendant to plaintiff, and that they were constructively delivered in the range as they then ran, and at the time of the institution of this suit, the defendant did not have possession of the cattle, or either of them, then your verdict should be for the defendant.

"No. 3. The jury are instructed that, before the plaintiff can recover in this action, he must prove by a preponderance of the evidence that, at the time of the commencement of this suit, he was the owner of the property in question, or of some one of them, and that he was entitled to the immediate possession thereof, and that he must also further prove by a preponderance of the evidence that defendant had possession of the property at the commencement of this action, and that he wrongfully detained them from the plaintiff after a demand was made upon him for the property by said plaintiff; and, unless you so find from the evidence, your verdict should be for the defendant.

"No. 4. The jury are further instructed that if they believe from the evidence that there was a conditional sale by defendant to plaintiff of the property in question, and that the cattle were to be thereafter delivered, and were not delivered, then the court tells you there was no sale of the cattle by defendant to plaintiff; and your verdict should be for the defendant, and for the cattle or their value.

"No. 5. The jury are further instructed that if they believe from the evidence that the cattle in controversy were delivered in the range at the time of the purchase, and believe at the time of the institution of this suit that said cattle were running in said range, and that plaintiff instituted this suit, and had defendant arrested, for the purpose of coercing him to deliver said cattle, then, in such event, you will assess the damages of defendant at such a sum as you think the evidence in this case will warrant you in finding for him, by reason of the allegations of plaintiff charging defendant with having secreted the cattle, having him arrested and depriving him of his liberty.

"No. 6. The jury are further instructed that if they believe from the evidence that at the time this suit was instituted that the cattle, nor either of them, were in the possession of defendant, but were running at large in their range, and where the constable afterwards found them, then, notwithstanding you may believe from the evidence that plaintiff purchased the cattle in question, and at the time of such purchase the cattle

were constructively delivered in the range as they ran, your verdict should be for defendant.

"No. 7. If the jury believe from the evidence that defendant conditionally sold the cattle in controversy to plaintiff for a certain patent rat trap, and the right to sell the same in Grant county, and was to get the cattle up and deliver them within two or three weeks, provided the rat trap proved to be as good as recommended by plaintiff, and afterwards refused to get up and deliver said cattle, then your verdict should be for the defendant."

At the court refusing to give the foregoing instructions, the appellant at the time properly saved his several, separate exceptions.

*E. H. Vance, Jr.,* for appellant.

A sale is not complete, so as to vest in the vendee the immediate right of property, so long as anything remains to be done between the buyer and seller in relation to the property sold. Story, Sales, § 269; p. 239; 25 Ark. 545; 54 Ark. 307; 56 Ark. 98; 59 Ark. 641; 27 S. W. 31. In tendering back the property, appellant did all his contract called for. Story, Sales, § 313, p. 252; 1 Beach, Cont. §§ 792–3. The court erred in refusing and giving instructions. It was also error to permit appellee's attorney, in his argument to the jury, to refer to matters not in the evidence. 63 Ark. 174; 65 Ark. 619. If the cows were constructively delivered to appellee, they were not *detained* by appellant. 17 Ark. 449; 25 Ark. 11; 27 Ark. 184.

HUGHES, J., (after stating the facts.) The evidence in the case tended to show either that the cows were delivered to the appellee at the time of the trade, and were never afterwards in the possession of the appellant, or that the appellant had only agreed to deliver them, but did not. It follows that if the cows were delivered to the appellee, and were not afterwards in the possession of the appellant, replevin would not lie against the appellant. If appellant agreed to deliver the cows, but never did so, the sale was not complete for want of delivery of the property sold; and in this event replevin would

not lie against the appellant, though he might be liable on his contract for failure to deliver the property.

It follows that the circuit court erred in refusing to give instructions asked by defendant and numbered 1, 2, 4, 6 and 7, and in modifying instructions No. 3 and giving it as modified, and in not giving it as asked. See *Jones* v. *Pearce*, 25 Ark. 545; *Shaul* v. *Harrington*, 54 Ark. 307; *Hight* v. *Harris*, 56 Ark. 98; *Wallace* v. *Brown*, 17 Ark. 449; *Hill* v. *Fellows*, 25 Ark. 11; *Neis* v. *Gillen*, 27 Ark. 184. There were no instructions curing the failure to give these.

There was no error in refusing to give the 5th, as, if the appellee is entitled to damages for wrongful arrest, they are not recoverable in this action.

For the errors indicated, the judgment is reversed, and the cause remanded for a new trial.

RIDDICK, J., and BUNN, C. J., absent and not participating.