## STARK *v.* COUCH.

### Opinion delivered October 20, 1913.

TRIAL BY JURY—APPEAL FROM JUSTICE COURT.—Under section 7, article 2, of the Constitution of Arkansas, which provides that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy," defendant, in an action in replevin for two mules, is entitled to a trial by jury in the circuit court, on appeal from a justice court.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Jones & Owens,* for appellant.

1. Replevin is strictly a possessory action. Under the evidence, replevin does not lie in this case. 82 Ark. 362-364; 66 Ark. 135; 15 O. Cir. Ct. R. 515; 23 Ind. App. 410; 60 Mich. 357; 17 Kan. 204; Kirby's Dig., § 6854; 74 Ark. 557.

2. Without reference to the amount involved, appellant was entitled, on his demand therefor, to a trial by jury. Art. 2, § 7, Const. Ark.; 4 Ark. 158; 8 Ark. 436; 56 Ark. 391; 75 Ark. 443; 40 Ark. 297; 61 Ind. 415; Kirby's Dig., § 6170.

*A. J. Newman,* for appellee.

1. The evidence shows that appellee would not deliver the mules to Hutchinson until appellant endorsed the note and thereby made himself a party to the contract. Under said contract appellant had possession and control of the mules, and he could not dispose of them or put them out of his possession and thereby avoid an action in replevin. 34 Ark. 93; 40 Ark. 551; 46 Ark. 245.

2. If there was error in denying appellant a trial by jury it was rendered harmless by the fact that the court rendered judgment against appellant for a smaller amount than a jury under the evidence could have found, and necessarily must have found, against him. Kirby's Dig., § 6869.

KIRBY, J. W. J. Couch brought an action in replevin against W. M. Hutchinson and V. Starks, for the possession of two mules, alleged to have been sold to Hutchinson by Couch and a note given in payment upon which Starks was endorser. The title to the property was retained in the note until it was paid for. Suit was brought in a justice court in Pulaski County, and appellant, being ill, did not appear and judgment was rendered against him, and he appealed to the circuit court. Upon the calling of the case for trial there, it appeared that no service of process had been had on Hutchinson and appellant demanded a trial by a jury. The court refused to allow the cause to be tried by a jury, stating, "Let the record show that the court has no jury and is not willing to put the county to the expense of going out and summoning twenty-four jurors at two dollars a piece to try a thirty or forty dollar case. All of these cases were tried before the justice of the peace without a jury."

The note was introduced in testimony and also the return of the constable upon the summons that he had found but one mule, the other one having been traded off.

The appellee testified that he sold the mules to Hutchinson, taking the note therefor, with the reservation of title, until the purchase money was paid; that

Starks was not present when the contract was executed but afterward came in and endorsed it, and that neither he nor Hutchinson had ever paid the note. He also said he would not have turned the stock over to Hutchinson if Starks had not endorsed the note, and that Starks came once and asked him for an extension of time on the note. That he had told Starks to take possession of the stock after Starks had failed to pay the note.

Starks testified that he did not recollect endorsing the note, that he could neither read nor write, that he had plenty of stock and did not desire the purchase of the mules by Hutchinson in order that he could make a crop on his place. He said the mules were never in his possession at any time and that he had nothing whatever to do with them. That they were bought by Hutchinson to haul lumber with. That he was going to let him have stock to make the crop. That Hutchinson had possession of them all the time, that the other mule died and that Hutchinson traded off the one that was left and went away. Two other witnesses testified positively that they visited Stark's house often, knew his stock, and also that they knew Hutchinson kept these mules out in the country all the time and that Starks never had possession of either one of them at any time. There was other testimony as to whether Starks signed the note, and as to what his condition was, whether drunk or sober, at the time.

The court erred in not granting appellant the right to a trial of his case by a jury. Section 7, article 2, of the Constitution provides:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy."

As early as the 4th Arkansas, the court said: "It is certainly true that each party, under the Constitution of the United States and of our own State, is entitled to the benefit of a trial by jury." *Wilson* v. *Light*, 4 Ark. 158; *State* v. *Cox*, 8 Ark. 436.

In *Ashley* v. *Little Rock*, 56 Ark. 391, the court said:

"The right of trial by jury extends to all cases in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized and equitable remedies administered. In *Louisiana & N. W. Rd. Co.* v. *State,* 75 Ark. 443, it is said:

"It was thoroughly settled at common law that issues of fact were triable by jury, therefore the right of trial by jury of issues of fact is a constitutional right under our Constitution."

Replevin cases were triable by a jury at common law, and the right to trial by jury being guaranteed by our Constitution, the court's refusal to grant it to the appellant was a deprivation of a substantial right, operating to his prejudice, for which the case must be reversed. *Williams* v. *Citizens,* 40 Ark. 297; Kirby's Digest, § 6170; *Reynolds* v. *State,* 61 Ind. 415.

It may be that the court can try a lawsuit, where the amount involved is small, as well as it could be done by a jury, or one for a large amount, for that matter, but our Constitution and law guarantees the right to a trial by jury which shall extend to all cases at law, without regard to the amount involved. Constitution, § 7, art. 2; Kirby's Digest, § 6170.

It also appears from the testimony herein that the property in controversy was not sold to appellant and was never in his possession nor under his control, and an action for replevin would not lie against him therefor. *Casey* v. *Scott,* 82 Ark. 364, 18 Am. St. R. 80; *Hodges* v. *Nall,* 66 Ark. 135.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.