NAPERSKIE *v.* TREVILLION.

4-6399                                             151 S. W. 2d 992

Opinion delivered June 16, 1941.

*Will Steel,* for appellant.

GRIFFIN SMITH, C. J. Appellant contends that a judgment for $1,194.36 rendered by default and without proof, is erroneous. We have the same view.

Appellant's wife purchased real property in Nevada county, Arkansas, upon which were remnants of an old sawmill. A boiler and engines were set in concrete. The mill had been owned by H. C. Trevillion, who upon ascertaining that the salvage had been sold for $100 to Dee Curtis, junk dealer of Texarkana, sued L. J. Naperskie in a justice of the peace court at Prescott for an amount equal to that received by Naperskie from Curtis. When the controversy arose the payment made by Curtis was placed in bank, subject to adjudication of title. When trial was reached, Naperskie appeared with counsel; thereupon the cause was dismissed, and within a short time complaint was filed by Trevillion in circuit court, the amount contended for having been increased to $1,194.36.

Summons directed to L. J. Naperskie was left with his wife at the residence acquired by her in Nevada county. It is contended that Mrs. Naperskie failed to inform her husband that the summons had been delivered to her. Insistence is that L. J. Naperskie is a resident of Talco, Texas; that his wife purchased the Nevada county farm for her own purposes; that he did not live in Arkansas with her, but only made occasional visits, and that the service so procured was not valid. Appellant says that before he knew of the summons, judgment had been rendered (September 24, 1940) at an adjourned term of court. When informed of the procedure (in December, 1940) he employed counsel. In early January, 1941, appellant moved that the summons be quashed.

Counsel for appellee refused to enter their client's appearance in response to the motion to vacate. Court was adjourned until April 28, 1941—a date subsequent to six months after September 24. Hence, this appeal.

In moving to have the summons quashed and judgment vacated, appellant has consistently denied jurisdiction of the court. *Cox Investment Company* v. *Major Stave Company*, 128 Ark. 321, 194 S. W. 701; *Anheuser-Busch, Inc.*, v. *Manion*, 193 Ark. 405, 100 S. W. 2d 672.

Section 1533 of Pope's Digest provides that trial by jury may be waived by the parties in actions arising on contract, and, with assent of the court, in other actions, by failing to appear at the trial. The section is a reprint of § 363 of the Civil Code (1869) and appears as title IX. The title is subdivided into four chapters. Chapter III, Art. II, is: "If the taking of an account, or the proof of a fact, or the assessment of damages, is necessary to enable the court to pronounce judgment upon a failure to answer, or after a decision of an issue of law, the court may take the account, hear the proof, and, in actions founded on contract, assess the damages. . . ." (Pope's Digest, § 8204.)

It will be observed that the two sections of the Digest are taken from the same title of the Civil Code, and are to be read together. Conversion is alleged as a cause of action in the instant case; hence § 1533 has no application.

In *Unionaid Life Insurance Co.* v. *Powers*, 180 Ark. 154, 20 S. W. 2d 610, it was argued that judgments were void "because the suits were for unliquidated damages for an alleged breach of contract, and there was no evidence offered or submitted to sustain the allegations." The actions were on benefit certificates of insurance. There was failure to answer, and the court assessed damages without submission of any question of facts to a jury. The decision affirmed that such submission was not required under § 6248 of Crawford & Moses' Digest, now § 8204 of Pope's Digest.

In *Greer* v. *Newbill*, 89 Ark. 509, 117 S. W. 531, it was held that allegations of damages must be proved.

The action was in chancery where a jury was not requisite.

Section 1455 of Pope's Digest (Civil Code, § 146) requires every material allegation of a complaint, for the purpose of the action, to be taken as true, but "Allegations of value, or of amount of damages, shall not be considered as true, by the failure to controvert them." Cf. *Derrick* v. *Cole*, 60 Ark. 394, 30 S. W. 760; *Johnson* v. *Frank,* 16 Ark. 199; *Hodges* v. *Crawford, et ux.,* 25 Ark. 565; *Marshall* v. *Green, Exr.,* 24 Ark. 410.

In *Stark* v. *Couch,* 109 Ark. 534, 160 S. W. 853, it was said: ". . . our constitution and law guarantee the right to a trial by a jury which shall extend to all cases at law without regard to the amount involved."

In the case at bar judgment was rendered without proof of the damage alleged. The transaction, not having been contractual, could not be disposed of by the trial judge alone. It was requisite that a jury be empaneled and evidence submitted to it.

For the error indicated the judgment is reversed, and the cause is remanded with directions to determine the issues raised by appellant's motion to quash.