THE STATE INSURANCE COMPANY v. SCHOOL DISTRICT
No. 19.

**No. 12,840.**   (71 Pac. 272.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Motion for New Trial—Assumption from Record.*  Where a motion for a new trial is made in time and at the regular term of court at which the trial was had, and the court hears, considers and overrules the motion after the expiration of such regular term and at a time when, by statute, a term of court might be in session in another county in the district, and it does not appear that objections were made at the time that it was being considered in vacation, this court will not assume that it was heard and determined in vacation, but will assume that it was heard, considered and overruled at an adjourned day of the regular term.

2. INSURANCE POLICY—*Waiver of Proof of Loss.*  Under an insurance policy which provides that proof of loss shall be made within thirty days after loss, and such proof is not made or waived within that time, the company does not waive a compliance with such condition on the part of the assured by denying all liability under the policy after the expiration of such thirty days.

Error from Kingman district court; P. B. GILLETT, judge.  Opinion filed January 10, 1903.  Reversed.

*John E. Lydecker*, and *George L. Hay*, for plaintiff in error.

*Fairchild & Calkin*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The defendant in error recovered judgment in the court below on an insurance policy, which judgment is sought to be reversed by this proceeding.

It is urged by the defendant in error that this court cannot review the errors complained of, or at least any of such errors as are involved in the overruling of the motion for a new trial, for the reason that the record does not affirmatively show that the motion for a new .

trial was overruled at any regular or adjourned term of the district court of Kingman county, but that it does show that it was overruled in January, 1901, at a time when, under the statute, the judge of the district court of Kingman county should have been holding court in Harper county. The cause was tried and judgment rendered at the November, 1900, term of court, and a motion for a new trial was filed in time. The material part of the record reads :

"And afterwards, and on the —— day of January, 1901, this cause came on for further hearing on the motion of the defendant for a new trial, and the court, after due consideration of the same, overruled the same, to which the defendant excepted, and at the same time the court granted the defendant sixty days in which to make and serve a case-made for the supreme court."

A district judge may adjourn a term of court to a day within the time prescribed by law for holding court in another county of his district, and it is a general practice throughout the state to adjourn the regular terms to a future day for the purpose of hearing motions for new trials and other motions of a similar nature.

It nowhere appears in the record that any objection was made at the hearing that the court was not in session, that the term had expired, or that the court had not regularly adjourned to that time ; nor does it appear that the court overruled the motion for any such reasons. Where it appears that the court considered the motion on its merits, this court will assume, in the absence of a showing to the contrary, that the motion was heard, considered, and overruled regularly. In *Bank v. Harding*, 65 Kan. 655, 657, 70 Pac. 655, we said :

"Where it is shown that the court considered the

motion for a new trial, and it is not shown that it was filed after the term of court at which the verdict was returned, this court will not assume that it was filed after the term.   Error is never presumed, but must be affirmatively shown.   This court will indulge in no presumptions that the successive steps in this proceeding, which appear regular and timely, were not regularly and timely taken.''

In answer, the defendant denied generally its liability and alleged many other defenses.   The third defense was that the policy provided that the insured should give immediate notice, and render an account of the loss or damage, to the defendant, at its home office in Des Moines, Iowa, and that, within thirty days after the fire, it should be furnished with an affidavit showing the time, origin and circumstances of the fire, and, if proof of loss should not be made within thirty days after the fire, the company would be discharged from all liability.   It was admitted at the trial, and found by the jury, that proof of loss was not made within the time specified, and it appears in the record that such proof was never made.   The plaintiff sought to avoid the effect of its negligence in this respect by showing that the company had waived a compliance with this condition by denying liability, and asserting that the policy had been canceled prior to the accident.   No claim of this kind, or statement indicating such position, was made by the insurance company until more than thirty days after the accident.   In fact, it appears from the evidence that no statements of any kind were made by the company within thirty days next after the loss.   After the expiration of more than thirty days the insurance company, in answer to a letter written by the plaintiff, replied that it had canceled the policy before the loss, and, therefore, was not liable.

This was not a waiver of a compliance by the plain-

tiff with the conditions in the policy under considera-
tion.   If the company had made this statement prior
to the expiration of the time within which the plain-
tiff could have made proof of loss, this would have re-
lieved it of the necessity of making such proof; then
proof would have been a useless act.   The company
would have been estopped to say that proof of loss had
not been made.   A general denial, however, by the
company, after the expiration of the time within which
proof of loss might have been made of all liability
under the policy, would not estop it from setting up
any defense that it might have.

In the case of *Insurance Co. v. Ross*, 48 Kan. 228,
233, 29 Pac. 469., the court said that a denial of liabil-
ity, in order to be effectual as a waiver of proof of
loss, must have been made "before the time in which
proofs of loss are to be furnished by the terms of the
policy had expired."   In the case of *Beatty v. Lycom-
ing Co. Mutual Ins. Co.*, 66 Pa. 9, 17, 5 Am. Rep. 318,
the question arose as to the sufficiency and timeliness
of proofs of loss made in the case, and the court said :

"It was required to be within thirty days after the
fire.   Now, to constitute a waiver there should be
shown some official act or declaration by the company
during the currency of the time, dispensing with it;
something from which the assured might reasonably
infer that the underwriters did not mean to insist
upon it.   As is remarked by the present Chief Jus-
tice in *Diehl v. Adams County Insurance Company*, 8
P. F. Smith 452, ( 98 Am. Dec. 302,) 'this never
occurs unless intended, or where the act relied on
ought in equity to estop the party from denying it.'
Mere silence is not enough.   After the thirty days
had expired without any statement, nothing but the
express agreement of the company could renew or re-
vivify the contract."

The judgment of the court below is reversed.

All the Justices concurring.