# Aetna Life Insurance Company *v.* Fitzgerald.

[No. 20,630.    Filed October 11, 1905.]

1.  Insurance.—*Accident.*—*Resulting Disease.*—An accident policy, insuring plaintiff "against loss of business time * * * resulting from bodily injuries effected * * * through external, violent and accidental means," covers the plaintiff's loss of time during an attack of periostitis occasioned by an injury to plaintiff's hand caused by his turning while asleep and lying upon his hand on the bed rail.  p. 319.

2.  Same.—*Accident.*—*Words and Phrases.*—The falling asleep of plaintiff while lying upon his hand and his subsequent turning while asleep so that his hand lay on the edge of the bed rail, his head still lying thereon, and the consequent compression of the tissues and blood vessels surrounding the bones thereof causing periostitis is an "accident" within the meaning of a policy insuring against loss of time resulting from injuries through "accidental" means.  p. 320.

3. INSURANCE. — *Accident.* — *Words and Phrases.* — *"Violent."* — The falling asleep of plaintiff while lying upon his hand and his subsequent turning while asleep so that his hand lay on the edge of the bed rail, his head still lying thereon, and the consequent compression of the tissues and blood vessels thereof causing periostitis is an injury effected through "violent" means within the terms of an accident policy, that interpretation which sustains the insurance and accords with the ordinary understanding being preferred.   p. 321.

4. PLEADING.—*Demurrer.*—*Same Objections Raised on Evidence.* —*Effect.*—Where the Supreme Court has, in effect, decided the points of law, presented on demurrer to a complaint, in considering the sufficiency of the evidence, the alleged error as to the ruling on demurrer will not be further considered.   p. 322.

5. INSURANCE.—*Accident.*—*"Immediate Notice."*—*Statutes.*—A provision in an accident policy for "immediate notice" in case of an accident means under the statute (§4923 Burns 1901, §3770 R. S. 1881) a notice within a reasonable time.   p. 322.

6. SAME.—*Accident.*—*Notice.*—*Expiration of Time for.*—*Denial of Liability for Certain Cause Afterward.*—*Waiver.*—Where assured wholly fails to give the notice of injury required in an accident policy within a reasonable time, without legal excuse, the company's denial of liability afterward for some other reason is not a waiver of its defense of want of notice.   p. 323.

7. SAME.—*Accident.*—*Notice of Injury.*—*Question for Jury.*— Where plaintiff fell asleep upon his hand and afterward, during sleep, he turned so that his hand rested upon the bed rail, his head still resting on such hand, and by reason of the consequent injury thereto periostitis developed causing a painful and protracted sickness, the question whether a notice given by him to the insuring accident company fifty days after such injury was within a reasonable time was for the jury.   p. 325.

From Superior Court of Marion County (64,456); *Vinson Carter,* Judge.

Action by Philander H. Fitzgerald against the Aetna Life Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Miller, Elam & Fesler,* for appellant.

*Robert W. McBride, Caleb S. Denny* and *George L. Denny,* for appellee.

GILLETT, J.—Action by appellee against appellant on an

accident policy. By the contract the company insured appellee "against loss of business time   *   *   .*   resulting from bodily injuries effected during the term of this insurance through external, violent and accidental means." The motion for a new trial presents the question as to whether the disability involved was due to an injury within the terms of the policy.

It appears from the testimony that on July 31, 1902, appellee, being much fatigued from an extended business trip, retired about 8 o'clock p. m. As he was somewhat restless, he placed his left hand between the pillow and his head, in order to raise it higher. The hand was placed on edge, with the thumb next to the head, and he fell asleep in that position. Sometime during the night, while asleep, he moved so that his hand, with his head continuing upon it as before, rested upon the edge of the bed rail, and he continued to sleep in that posture until 4 o'clock a. m., when he awoke. He found that his hand was wholly numb, and it continued in that condition for the space of half an hour. There was a black mark upon it, where it had rested upon the rail, and this mark existed for sometime thereafter. The hand pained him a great deal during the following day, and during the next night he was compelled to call a physician. The testimony of the latter, as well as that of the family physician, who took charge of the case upon returning from a vacation, shows that the pressure on the hand while upon the bed rail resulted in an inflammation of the periosteum of the metacarpal bones lying back of the third and fourth fingers, a condition which made an operation necessary and caused a protracted illness. The expert evidence shows that cases of inflammation of the periosteum, or, as the difficulty is technically termed, periostitis, are traumatic, at least for the most part, and that it is the opinion of the medical profession that all of such cases are due to some injury, perhaps forgotten.

The principal contention of counsel for appellant on the

question of the sufficiency of the evidence is that appellee's
loss of time was due to disease, and not to an injury within
the terms of the contract.    We hold that the policy in suit
was an insurance against loss of business time by disease,
provided that the disability was proximately caused by a
bodily injury occasioned through external, violent and acci-
dental means.    It is the general understanding that this
class of policies insures against diseases so occasioned, and
where medical science reveals the fact that back of the
disease stands a proximate cause, answering in all respects
to the terms of the policy, it will not suffice to discharge the
company that the consequence is accounted a disease.    The
insured can not know what may befall him as the result of
possible injuries, and it must be taken to have been the
understanding of the parties that loss of time occasioned by
disease was insured against, where the disability was proxi-
mately occasioned by an injury within the provisions of the
contract.    It will be time enough to deal with the difficult
cases suggested by appellant's counsel, involving subtle, ex-
ternal causes of disease, when they arise.    There was no
evidence tending to show that the inflammation from which
appellee suffered was due to any cause other than that of
the long-continuing force exerted by the weight of the head.
It was said in *McCarthy* v. *Travelers Ins. Co.* (1878), 8
Biss. 362, Fed. Cas. No. 8,682: "An efficient, adequate
cause being found must be deemed the true cause unless
some other cause not incidental to it, but independent of it,
is shown to have intervened between it and the result."
See, also, *Continental Casualty Co.* v. *Lloyd* (1905), *ante,*
52; *National Benefit Assn.* v. *Grauman* (1886), 107
Ind. 288.

It was declared by this court, in *Supreme Council, etc.,* v.
*Garrigus* (1885), 104 Ind. 133, 54 Am. Rep. 298, that the
word "accident," as used in an accident policy,
2.    "should be given its ordinary and usual signification,
as being an event that takes place without one's fore-

sight or expectation." We are not here called on to consider a case where the result is one which follows from ordinary means, voluntarily employed, and in which the only element of unexpectedness lies in the fact that the pursuit of the means unexpectedly brings about a physical condition which makes disease possible. Here the element of volition was wholly absent, and the fact that during a period of unconsciousness there was a distinct and long-continued force applied, which compressed the tissues and blood vessels surrounding the bones, and thereby caused the inflammation, marks the case as one of accident.

We are also of opinion that the injury was a violent one within the terms of the policy. The degree of violence is not always a controlling consideration. *Southard* v.

3. *Railway Passengers Ins. Co.* (1868), 34 Conn. 574, Fed. Cas. No. 13,182. We are not to be understood as holding that violence will be wholly implied to bring an accident within the terms of the policy. Our holding is that where an injury approximately proceeds from a cause which falls within the limitations of the policy interpreted according to the ordinary understanding of the force of words, that interpretation is to be preferred, rather than one which would defeat the protection of the assured in a large class of cases. *Trew* v. *Railroad Passengers Assur. Co.* (1861), 6 H. & N. 839, 844; *Paul* v. *Travelers Ins. Co.* (1889), 112 N. Y. 472, 3 L. R. A. 443, 8 Am. St. 758; *Healey* v. *Mutual Accident Assn.* (1890), 133 Ill. 556, 25 N. E. 52, 9 L. R. A. 371, 23 Am. St. 637. There were present in this instance, in a substantial sense, all of the elements necessary to bring the proximate cause of the disability within the requirement that the loss of time must result from a bodily injury effected through external, violent and accidental means. The only thing that was extraordinary about the case was the result; but this will not relieve, for the company was paid for its undertaking to provide a conventional measure of indemnity against the fortuitous, provided that

it proximately proceeded from such an injury as the policy describes. We hold that the evidence was sufficient to support the verdict.

Appellant has assigned as an error that the court below erred in overruling a demurrer to the complaint. As the only objection which is urged to that pleading has, in effect, been determined by us to be untenable, in passing on the question as to the sufficiency of the evidence, it is enough to announce that appellant is not entitled to a reversal based on the overruling of said demurrer.

The policy in suit provided that an immediate notice of the injury should be given the company. Appellee did not give notice until about fifty days after the injury. October 23, 1902, the company, by its general agents at Indianapolis, sent to appellee a letter, stating that the company declined to approve the claim, on the ground that it did not "come within the classification of an accident." The trial court, by instructions which are not complained of, submitted to the jury trying the cause the question, as one of fact, whether, in view of appellee's condition, notice was given within a reasonable time; but the court also gave to the jury the following instruction, for which a reversal is sought: "On the question of waiver and the provision of the policy requiring immediate notice, I instruct you that if you should find from the evidence that the notice required by the policy was not given within a reasonable time after the happening of the alleged accident and injury, but was given some time later, and that after it was given a claim was made upon the defendant on said policy for the injury in controversy, and that in response to said claim the defendant denied all liability, and placed its denial of liability solely on the ground that the policy sued on did not cover such an injury as this was, without saying anything about the failure to have given this notice required in the policy, such fact would amount to a waiver of the provisions requiring immediate notice."

Under the provisions of the Indiana statutes concerning foreign insurance companies the provision of the policy above referred to amounted to a requirement of notice within a reasonable time. §4923 Burns 1901, §3770 R. S. 1881; *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281; *Pickel* v. *Phenix Ins. Co.* (1889), 119 Ind. 291; *Peele* v. *Provident Fund Society* (1897), 147 Ind. 543. It will be observed, however, that by the instruction above set forth the court instructed upon the hypothesis that notice was not given within a reasonable time, and informed the jury that a subsequent denial of liability on another ground, without mentioning the failure to give notice, would amount to a waiver. If this was a correct exposition of the law as applied to the facts, there was no question, under the uncontradicted evidence, to submit to the jury.

We considered the doctrine of waiver of proofs of loss at some length in *Germania Fire Ins. Co.* v. *Pitcher* (1903), 160 Ind. 392, and in view of what was there said this case can be disposed of without much further discussion. It is true that we held in the case last cited that there might be a waiver after the time for making proofs of loss had expired, but it will be observed that there the disagreement was as to the amount of the loss. A protracted negotiation over such a question after the expiration of the time for the making of proofs might warrant a jury in concluding that the company was recognizing a subsisting obligation to the extent of what it conceived to be the amount of the loss; but we can not sanction the view that, after the assured has sinned away all right of recovery under the policy, he may yet recover, by proof that the company refused to pay on the ground that the policy did not cover the claim asserted in the notice. The refusal to pay on a wholly different ground, made within the time that the policy-holder may take steps to make good his right under the contract, is treated in this State as a waiver *per se;* but we perceive no reason, after

the right is gone, for permitting the policy-holder to go to the jury on the question of waiver under proof of the solitary fact that the company had afterwards declined for another reason to recognize the validity of the policy. The authorities support us in this view of the law. *Fidelity & Casualty Co.* v. *Sanders* (1904), 32 Ind. App. 448, and cases cited; *Patrick* v. *Farmers Ins. Co.* (1862), 43 N. H. 621, 80 Am. Dec. 197; *Beatty* v. *Lycoming County Mut. Ins. Co.* (1870), 66 Pa. St. 9, 5 Am. Rep. 318; *Hart* v. *Fraternal Alliance* (1901), 108 Wis. 490, 84 N. W. 851; *State Ins. Co.* v. *School Dist., etc.* (1903), 66 Kan. 77, 71 Pac. 272; *Employers, etc., Corp.* v. *Roschelle* (1896), 13 Tex. Civ. App. 232; 2 May, Insurance (4th ed.), §464. In fact, we have not been able to find a case which seems to support appellee upon this point, unless it be *Brink* v. *Hanover Fire Ins. Co.* (1880), 80 N. Y. 108, which is cited in the brief filed on his behalf. The value of that case as a precedent in appellee's favor was destroyed by *Devens* v. *Mechanics, etc., Ins. Co.* (1880), 83 N. Y. 768, where the court, referring to the case of *Brink* v. *Hanover Fire Ins. Co., supra,* said: "The doctrine of waiver was, we think, properly applied in that case, but it should not be extended so as to deprive a party of his defense, merely because he negligently, or incautiously, when a claim is first presented, while denying his liability, omits to disclose the ground of his defense, or states another ground than that upon which he finally relies. There must, in addition, be evidence from which the jury would be justified in finding that with full knowledge of the facts there was an intention to abandon, or not to insist upon the particular defense afterward relied upon, or that it was purposely concealed under circumstances calculated to, and which actually did, mislead the other party to his injury."

Appellee's counsel contend that under the evidence it appears that notice was given within a reasonable time.

We have read the evidence, as set out in the bill of exceptions, and while we are of opinion that the question of reasonable time was for the jury, in view of the evidence as to appellee's condition, yet the case which he seeks to make out was not so convincing upon that point as to render harmless the giving of the above instructions.

Judgment reversed, and a new trial ordered.