## BRANCH v. FARMERS' LIFE INS. CO.

(District Court, D. Kansas, Second Division. October 27, 1919.)

No. 435, Law.

1. Insurance ⬅️351—Law governing life insurance contract, as to forfeiture for nonpayment of premiums, stated.

Where an application for life insurance was made to an agent in Kansas, but forwarded to the home office of the company in Denver, where it was accepted, and where the policy issued was payable, the contract *held* governed by the law of Colorado, and not subject to the provisions of a Kansas statute as to forfeiture for nonpayment of premium.

2. Insurance ⬅️310(2)—Notice of forfeiture held sufficient under statute.

Under Gen. St. Kan. 1915, §§ 5292, 5293, requiring a life insurance company to give 30 days' written notice before forfeiture of a policy for nonpayment of a premium, and providing that payment before expiration of that time should continue the policy in force, a letter written by a company to an insured, stating the amount of a premium past due and unpaid, and that by its terms the policy had lapsed, but offering in effect to accept payment and reinstate it, *held* a sufficient notice.

At Law. Action by Flora Branch against the Farmers' Life Insurance Company. Trial to the court. Judgment for defendant.

James Lawrence, of Wellington, Kan., for plaintiff.

Vermilion, Evans, Carey & Lilleston, of Wichita, Kan., for defendant.

POLLOCK, District Judge. This is an action brought to recover the contents of two life insurance contracts made by defendant on the life of one Ralph A. Branch, in which contracts the plaintiff, mother of the insured, is named as beneficiary.

[1] The contracts were made November 19, 1915. One is a contract for $1,000, numbered 1185; the other, a contract for $3,000, is numbered 1263. The annual premium on the first-mentioned policy of $21.86 was paid by insured, as was the annual premium falling due November 19, 1916. On the policy last mentioned the annual premium due when the contract was made only was paid. No other premiums were paid. The insured died in France September 18, 1918. It is thus seen the contracts, according to their terms, had lapsed

and ended for failure of the insured, or any one for him, to make payment of the annual premiums on which their continued obligation depended and was continued, unless, as by plaintiff contended, the statute of this state in force at the date the contracts were made is applicable to this case. This statute reads as follows:

Section 5292, Gen. Stat. Kan. 1915, provides:

"It shall be unlawful for any life insurance company other than fraternal doing business in the state of Kansas to forfeit or cancel any life insurance policy on account of the nonpayment of any premium thereon, without first giving notice in writing to the holder of any such policy of its intention to forfeit or cancel the same."

Section 5293, Gen. Stat. Kan. 1915, provides:

"Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policy holder shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such policy holder to the address last known by such company, in which to pay such premium; and any attempt on the part of such insurance company to cancel or forfeit any such policy without the notice herein provided for shall be null and void. The affidavit of any responsible officer, clerk or agent of the corporation, authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be prima facie evidence that such notice has been duly given."

A jury to try the case has been waived, and the case stands submitted on the pleadings, stipulated facts, and written briefs and arguments of the parties.

In regard to the statute of the state above quoted, on which plaintiff must depend for any recovery, defendant contends, first, the contracts of insurance in controversy are Colorado contracts, and said statute has no application thereto; second, if the contracts are contracts of this state, as contended by plaintiff, and said statute is applicable to the facts of this case, the defendant contends it did comply with the terms thereof by giving the notice of forfeiture therein prescribed.

An examination of the contracts pleaded by plaintiff, the pleadings, and the stipulated facts discloses the applications therefor were made by the insured in the city of Wichita, this state, November 15, 1915, and were transmitted to the home office of defendant company in the city of Denver, Colo. The contracts, when matured, are made payable at the home office of the company in Denver. Treating the applications for the contracts made by the insured as proposals on his part to contract with defendant company, it is clear such proposals must first have been accepted by defendant before any binding agreement on its part came into existence. Such acceptance of the proposals made by the insured was in the state of Colorado, and the contracts in controversy were entered into in that state. In my opinion this makes the contracts Colorado contracts, governed by the laws of that state. As the statute of this state relied upon by plaintiff did not become a part thereof, hence the statute of this state is not applicable. May on In-

surance, page 64; Yonge v. Equitable Life Assur. Soc. (C. C.) 30 Fed. 902. As the state of Colorado has no similar statute affecting the terms or obligations of the contracts, it follows the obligations of the contracts had been fully terminated for nonfailure of payment of the annual premiums agreed to be paid long before the death of the assured.

[2] However, suppose, for the sake of argument, the applicability of the statute of this state above quoted to the facts of this case should be conceded; yet, in my judgment, plaintiff cannot prevail in this case, and for this reason: The contracts were confessedly valid when entered into by the parties. The prohibition contained in the statute above quoted has no relation whatever to the manner of the making of the contracts or their validity when made, but does relate merely to the manner of declaring the contracts at an end for failure to make payment of the annual premiums on which the life of the contracts continued to exist. As to each policy, after the annual premium agreed to be paid by the insured to continue the contracts in force became due and payable, and within the month next thereafter ensuing in which the insured reserved the right under the terms of the contract to still pay the premiums, and interest thereon, defendant company notified the insured, as follows:

"Dear Sir: In re Policy No. 1185. Permit us to remind you that the month of grace for the payment of your annual renewal premium, which amounts to $12.86, will expire December 19, 1917, and if not paid on or before that date your policy will necessarily lapse for nonpayment of premium, except as provided therein.

"If it is inconvenient for you to provide for an annual premium, you can keep your policy in force by the payment of a semiannual or quarterly premium, as indicated on the face thereof. The contract you hold provides protection at a less cost than you could secure same from any other company. Trusting that we will receive a remittance to cover premium as stated above on or before the date of expiration of your policy, we remain,

"Yours very truly,          J. A. O'Shaughnessy, General Manager."

The month of grace in making payment after default, reserved in the contract, having fully expired, and payment of the annual premium not having been made, and the contract having fully terminated and ended according to its terms, defendant company on January 2, 1917, wrote and notified the insured as follows:

"Dear Sir: Failure to pay your premium, amounting to $21.86, due December 19, 1917, has caused your policy No. 1185 to terminate, except as provided therein. We shall be pleased to consider your application for reinstatement. Unless this is attended to at once, and you should desire reinstatement at a later date, it will be necessary for you to appear before our medical examiner for re-examination. If you are unable to pay the full amount in cash, we will accept part cash and the balance in note. Kindly advise us if this is satisfactory, and we will forward reinstatement blank and note to be signed for the deferred payment.

"Very truly yours,          J. A. O'Shaughnessy, General Manager."

Now, if it be conceded the statute of this state above quoted is applicable to the facts of this case, and hence is a part of the law of the contract itself, and it be further conceded the effect of the act is to continue the contract in force, contrary to its terms, valid when

made, although the consideration for the renewal or continued obligation of the contract be never paid until the notice of the termination of the contract provided for in the statute is given to the insured, yet, in my opinion, the two letters above set forth constitute a substantial compliance with the statute. Nederland Life Insurance Co. v. Meinert, 199 U. S. 171, 26 Sup. Ct. 15, 50 L. Ed. 139, 4 Ann. Cas. 480. It is manifest the purpose of the statute was to compel insurance companies authorized to do business in this state, and having contracts of insurance in force in the state, to keep the holders thereof advised as to the date on which annual renewal premiums must be paid, to the end that such contracts might not, through the negligence or inadvertence of the assured, be terminated without opportunity to renew and continue the same in force during the life of the insured, by making payment of such annual premiums. That the letters written by defendant and mailed to the insured, above set forth, fully advised him in regard to all matters of which he should have knowledge, in order to keep the contracts in force, cannot be disputed. Hence they were sufficient notice under the statute.

It follows, on the pleadings and stipulated facts, judgment must go for the defendant.

It is so ordered.