No. 27,155.

THE FARMERS AND BANKERS LIFE INSURANCE COMPANY, *Appellee*, v. ORA M. BROWN, *Appellant*.

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Cancellation of Policy—Notice.* The question is suggested but not decided whether a premature notice of intention to cancel a life insurance policy for nonpayment of a premium, taken in connection with a subsequent letter from the company to the insured urging a reinstatement, may be regarded as giving valid notice of intention to cancel.

2. SAME—*Proof of Death—Declaration of Forfeiture Before Death as Waiver.* The question is suggested but not decided whether an invalid notice of intention to cancel a life insurance policy, followed by a letter urging reinstatement, effected a waiver by the company of proof of the death of the insured.

3. LIMITATION OF ACTIONS—*Commencement of Action—Insufficient Pleading.* Recovery upon two life insurance policies is held to have been barred by the statute of limitations, the running of which was not interrupted by a prayer for judgment thereon in a pleading which did not allege the death of the insured.

Appeal from Lincoln district court; DALLAS GROVER, judge. Opinion filed February 12, 1927. Affirmed.

Insurance, 32 C. J. p. 1250 n. 25; 22 A. L. R. 408; 14 R. C. L. 1349. Life Insurance, 37 C. J. pp. 558 n. 52, 598 n. 5, 608 n. 10.

*E. A. McFarland,* of Lincoln, for the appellant.

*Z. C. Millikin,* of Salina, *W. D. Jochems* and *J. Wirth Sargent,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.:   The Farmers and Bankers Life Insurance Company, a Kansas corporation, issued two policies, one on January 13, 1915, and one on December 9, 1915, insuring the life of Lucian H. Brown for the benefit of his wife, Ora M. Brown. No premium on either was ever met beyond that for the first year, paid upon issuance of each policy. On the day the second premium on each policy was due the company notified the insured of the maturity and of its intention to cancel the policy unless payment were made within thirty days. This was intended as a compliance with the statute requiring such notice as a preliminary to cancellation (R. S. 40-332), but was ineffectual for that purpose because the policies allowed thirty days of grace. (*Priest v. Life Association,* 99 Kan. 295, 161 Pac. 631.) Some six weeks later the company sent the insured a letter with respect to each policy, urging its reinstatement. On March 16, 1923, this action was brought by the company against the beneficiary asking that the policies be declared canceled and the company no longer liable on them. In an answer the beneficiary asked judgment for the amount of the policies. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

1. The plaintiff presents several theories for the support of the judgment. One is that the letters urging reinstatement supplemented the notices of cancellation, which were otherwise insufficient, and taken in connection with them brought about a forfeiture in compliance with the statute referred to, under the authority of *Branch v. Farmers' Life Ins. Co.,* 270 Fed. 863. Assuming this contention would otherwise be good, a doubt arises from the fact that while the letters themselves did not make a new medical examination a condition of reinstatement, the court found that it was the custom of the company to require it, and a provision of the policy authorizing reinstatement was conditional upon proof of present good health.

2. The pleadings did not contain an allegation of the death of the insured. It developed in the trial, however, that he died May 16, 1919. No proof of loss was ever furnished the company. The policies required such proof to be made within one year after the

death, as a condition precedent to recovery thereon. The defendant argues that proofs of loss were waived by the notices and letters already referred to, sent before the death of the insured, and by the claim made in this action that the policies are invalid. The rule is familiar that a denial of liability by an insurance company, if made within the period allowed for proof of loss, based solely upon grounds not connected therewith, waives such proof. (Note, 22 A. L. R. 408.) There is a conflict of opinion as to whether such denial of liability if made after the expiration of that period effects a waiver, but a majority of the states that have passed on the matter, including Kansas, hold to the contrary. (Same note, p. 424; *Insurance Co. v. School District*, 66 Kan. 77, 71 Pac. 272.) The note cited concludes with the words:

"A denial by an insurance company of any contingent liability on a policy, even before a loss is incurred by the insured, has been held to constitute a waiver of defects in proofs of loss subsequently presented." (p. 428.)

In the case referred to, however, while before the loss the fire insurance company wrote to its agent to cancel the policy, the insured knew nothing of this until after it had occurred. In *Equitable Life Assur. Soc. v. Winning*, 58 Fed. 541, proof of loss was held to be waived by a life insurance company declaring a forfeiture before the death of the insured. There were circumstances which affected that decision, however, which are not here present. For instance, the company was chargeable with notice that the forfeiture was invalid or at least of doubtful validity; notice of the death of the insured was given less than two months after the lapse of the period of 90 days allowed by the policy, the delay being occasioned by the administrator finding the notice of cancellation among the decedent's papers; and the policy was in force at the time of the death by virtue of a statutory extension by application of the surrender value at the time of default in payment of premiums. Here there was no actual declaration of forfeiture, although the letters urging reinstatement may be regarded as having much the same effect. The company was evidently acting in entire good faith in supposing its notice of intention to cancel was in compliance with the statute. And the company knew nothing of the death of the insured for some five years, a delay which may easily have prejudiced it by depriving it of a reasonable opportunity to investigate. In a case (*Girard Life Ins. Co. v. Mutual Life Ins. Co.*, 97 Pa. St. 15) cited in that

just considered, proof of loss was held to be waived by a declaration of forfeiture before death, aided perhaps by the fact that defense was made on the ground of the forfeiture.

We need not, however, decide the effect of the failure to furnish proof of death or to give notice of it, for we conclude that inaction on the part of the defendant is fatal to the claim on her part in another aspect.

3. The defendant had five years from the death of her husband, May 16, 1919, in which to sue upon the policies. In her answer in this case she asked judgment against the plaintiff for their amount, but did not allege that her husband was dead—an allegation which of course was necessary to the statement of a cause of action thereon. If an amendment had been or were to be offered to the petition undertaking to supply this omission it could not avail to prevent the statute of limitation operating as a bar to a recovery upon the policies. (*Powers v. Lumber Co.*, 75 Kan. 687, 90 Pac. 254.) Irrespective of the other questions suggested this consideration renders further proceedings in the case futile.

The judgment is affirmed.