SMITH *v.* AMERICAN NATIONAL INSURANCE COMPANY.

Opinion delivered January 12, 1914.

INSURANCE—ACCIDENT INSURANCE—DEFENSES—WAIVER. — Where plaintiff forfeited his rights under a policy of insurance by his failure to give the company proper notice, the insurance company is not deprived of that defense where it asserts another defense in addition to that of failure to give notice.

Appeal from Randolph Circuit Court; *John W. Meeks*, Judge; affirmed.

This is a suit by appellant, who was plaintiff below, on an accident policy issued by appellee on the life of Georgia Smith, wife of appellant. The policy was one of limited liability, paying a benefit for injuries arising solely from certain specified causes, one of which was being kicked by a horse. The policies were issued by one T. J. Redwine, a merchant, who furnished his customers with a trading card, and, according to this card, when $5 was traded out the holder became entitled to an accident insurance policy on the payment of thirty-four cents. Both appellant and his wife had complied with the cards, and were the holders of policies in the appellee company. Appellant testified and now contends that his wife was thrown from a horse and kicked by it, while appellee offered the evidence of several of the neighbors to the effect that appellant had stated that his wife had fallen from her horse, and no contention was made by appellant at the time that she was kicked by it. The certificate of the physician indicates that even falling from the horse may have had nothing to do with the death, and it is conceded that there could be no recovery under the terms of the policy unless the jury found the facts to be that Mrs. Smith had been kicked by the horse. This question was properly submitted to the jury under proper instructions and the jury's verdict would be conclusive of this case but for the fact that appellant says that the jury was improperly instructed upon the question of the failure to furnish proof of the injury, and that the jury's verdict may have been based upon that finding. The policy contained the following stipulation: "Written notice of any injury must be given immediately to the American National Insurance Company, at its home office, Galveston, Texas, with names of witnesses. Any failure to give such written notice within ten days from date of accident shall invalidate all claims under this policy." It is not claimed that appellant complied with

this stipulation of the policy; but he says his recovery should not be defeated on that account, because of appellee's waiver of this failure. The facts upon which the claim of waiver is based do not appear to be in dispute, and are as follows: The accident happened on July 7 and Mrs. Smith died the following day. No notice of the death was given except that contained in a letter asking for blanks upon which to make proof of death and the information contained in this proof, which was furnished later. The letter advising the company of the death of the insured was written by a Mr. Maynard on July 23, 1910, which was five days after the expiration of the ten-day limitation; but it does not appear that this letter contained any intimation of the expiration of the time for making proof. Proofs were made and forwarded to the appellee by Mr. Maynard in a letter dated August 12, and, in response to this letter, the claim adjuster of appellee wrote Mr. Maynard the following letter:

Galveston, Texas, August 16, 1910.
L. F. Maynard, Cashier, Reyno, Ark.

Dear Sir: We have your favor of the 12th inst., enclosing proof of death of Georgia Smith, insured under our limited accident policy No. 83218, and in reply beg to advise you that this company is not liable under this claim for the reason that Mrs. Smith's death, did not result from an accident covered by the policy under which she was insured.

Policy No. 83218, issued to Mrs. Smith, is a limited accident policy, which does not pay benefit except for death resulting from certain injuries which are specified in the policy, and since Mrs. Smith's death was not the result of one of those accidents specified in the policy, no indemnity is payable thereunder.

Yours very truly,

Claim Adjuster.

The instruction complained of upon the question of waiver reads as follows:

"You are instructed that under the terms of the policy sued on, the plaintiff was required to give the

defendant a written notice of the accident within ten days from the date thereof, and the giving of said notice is a condition precedent to plaintiff's right to recover, unless such notice was waived by the defendant, or by an agent authorized to waive it; and if the jury find from the evidence that a written notice by the plaintiff within ten days from the date of the accident was given the defendant by the plaintiff, and that the defendant did not waive such notice, then the plaintiff can not recover and the jury must return a verdict for the defendant."

*C. H. Henderson,* for appellant.

The court's instruction on the question of notice, etc., left entirely out of consideration the fact that notice had been waived by the admitted acts of the appellee, and was therefore not required. The authorities have repeatedly held that the stipulated notice is waived if an insurance company on receiving proofs later declines payment on other grounds. 1 Cyc. 278, chap. 2, and cases cited; 70 N. E. 174; 71 Mo. App. 42; 97 Tenn. 1; 77 Ark. 41; 94 Ark. 21; 91 Ark. 43; 46 Am. St. Rep. 796; 67 Md. 403; 1 Am. St. Rep. 398, and note; 17 Ia. 176.

*Horace Chamberlin* and *Wallace Townsend,* for appellee.

The instruction complained of was correct. Appellant overlooks the vital fact that the alleged "waiver" occurred after the forfeiture by appellant was complete. 79 Ark. 475; 88 Ark. 120, 123, 124; 165 Ind. 317, 323, 324; 91 Ark. 43-50.

SMITH, J., (after stating the facts). It is urged that the instruction set out is erroneous and should not have been given because the letter herein set out from the claim adjuster denied liability because the death did not result from an accident covered by the terms of the policy. But it will be observed that this letter was written some days after the expiration of the time limited for giving notice of death, and no statement contained in this letter gives any intimation of an intention to waive that defense, nor was appellant called upon to do any act, nor

to incur any expense nor to be at any trouble on account of giving notice or furnishing proofs of the death.

The mere assertion of a defense in addition to that of the failure to give notice does not deprive the insurer of that defense, if the insured is invited to incur no expense or trouble and nothing is done which influences the beneficiary to fail in the performance of that duty. This question was fully discussed in the recent case of *Aetna Life Insurance Company* v. *Fitzgerald*, 165 Ind. 317, which was a suit upon an accident policy, which provided for giving immediate notice to the company of the injury. The notice was not given, within the time limited by the policy, but when it was given the company declined to approve the claim on the ground that the injury ''did not come within the classification of an accident.'' Later when the suit was brought the company set up the failure to give notice and the trial court instructed the jury that although the notice was not given within the time limited by the policy, yet if the company upon receiving the notice denied all liability and placed its denial of responsibility solely on the ground that the policy sued on did not cover such an injury as was set up in the complaint, without saying anything about the failure to have given the notice required in the policy, such fact would amount to a waiver of the provisions requiring immediate notice. In the opinion, among other things, it was said: ''We can not sanction the view that, after the assured has sinned away all right of recovery under the policy, he may yet recover, by proof that the company refused to pay on the ground that the policy did not cover the claim asserted in the notice. The refusal to pay on a wholly different ground, made within the time that the policy holder may take steps to make good his right under the contract, is treated in this State as a waiver *per se;* but we perceive no reason, after the right is gone, for permitting the policy holder to go to the jury on the question of waiver under proof of the solitary fact that the company had afterward declined for another reason to recognize the validity of the policy. The authorities support us in this

view of the law. *Fidelity, etc., Co.* v. *Sanders,* 32 Ind. App. 448, 70 N. E. Rep. 167, and cases cited; *Patrick* v. *Farmers' Ins. Co.,* 43 N. H. 621, 80 Am. Dec. 197; *Beatty* v. *Lycoming County, Mut. Co.,* 66 Pa. St. 9, 5 Am. Rep. 318; *Hart* v. *Fraternal Alliance,* 108 Wis. 490, 84 N. W. Rep. 581; *State Insurance Co.* v. *School District,* 66 Kan. 77, 71 Pac. Rep. 272; *Employers' Liability Assur. Corp.* v. *Rochelle,* 13 Tex. Civ. App. 232, 35 S. W. Rep. 869; 2 May, Insurance, 464.'' We think this is the correct rule, and it accords with our own decisions when considered in connection with the facts which they discuss. *Woodmen of the World* v. *Hall,* 104 Ark. 538, and cases cited.

The instruction complained of submitted the question of waiver, although apparently there was no evidence upon which to base the instruction, and the jury by their verdict have found that no notice was given and that there was no waiver of that requirement and evidently appellant was not prejudiced thereby, and the judgment of the court below is therefore affirmed.