## MARY E. HASKELL *vs.* THE EAGLE INDEMNITY COMPANY.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued October 25th, 1928—decided January 18th, 1929.

*Daniel D. Morgan,* with whom, on the brief, was *Philip Pond,* for the appellant (defendant).

*Thomas R. Robinson,* for the appellee (plaintiff).

WHEELER, C. J. The policy of insurance issued by defendant to plaintiff required the defendant to defend all claims and suits for bodily injury against the plaintiff caused by her automobile. Among the conditions precedent to the right of recovery was this: "Upon the

occurrence of any accident covered by this policy, the insured shall give immediate written notice thereof to the company at its head office or to the agent who has countersigned this policy, and forward to the company or agent forthwith after receipt thereof every process, pleading and paper of any kind relating to any and all claims, suits and proceedings." On September 4th, 1925, plaintiff's automobile, driven by one Johnson, came into collision with an automobile of the Mills Company containing four passengers, and an automobile operated by one Riccitelli. The plaintiff gave defendant written notice of the accident as required by the policy, which it investigated.

Johnson and Riccitelli were arrested for reckless driving and Johnson retained Attorney Wynne to defend him. At this time Davis, an agent or adjuster of the Holyoke Mutual Insurance Company, stated to Wynne that his company was the insurer of plaintiff's automobile and he anticipated suits might be brought against the plaintiff and that he would recommend that Wynne be retained to defend such actions. Davis subsequently notified Wynne to represent his company in case suits were brought and authorized him to accept servce in its behalf. Suits were brought in behalf of the Mills Company and four passengers in the Mills car against the plaintiff and Riccitelli; Wynne accepted service and later filed answers and prepared the cases for trial.

About a year later, on receipt of notice of the assignment of two of these cases for trial, Wynne sent for Davis, and at the interview with him was informed that the Holyoke Company had insured plaintiff against property damage and had no interest in the personal injury claims. This was the first time Wynne knew that the public liability policy to plaintiff had been issued to plaintiff by the defendant and not by

the Holyoke Company. All that he had done in these cases had been done in the belief that he was representing the Holyoke Company. At once, upon learning of his mistake, Wynne apprised the defendant of all of the facts concerning these cases and his connection with them, and that the plaintiff had not authorized him to act in the cases and knew nothing of their having been brought, and offered to turn over all of the papers in the cases to the defendant, and to try the cases if defendant employed him, or, if defendant employed another attorney, to give it the benefit of his preparation of the cases and to co-operate in their defense without compensation, if defendant so desired. Defendant's agent communicated with the head office of the defendant, and then advised Wynne that defendant "disclaimed responsibility, and refused to defend the said actions on the ground of a claimed breach of a condition in the policy requiring plaintiff to forward to the company or agent forthwith" all papers relating to any claims, suits and proceedings.

Shortly after receipt of this disclaimer and refusal, Wynne, on November 23d, 1926, informed the plaintiff of all of the above facts and of defendant's refusal to defend these actions and advised plaintiff to employ counsel as the cases had been assigned for trial, and thereupon plaintiff employed him.

It does not appear of record that the plaintiff gave Wynne instruction as to the steps to be taken for her, or comprehended or had explained to her the possible legal significance in the fact that service in these actions had been accepted on her behalf by one having no authority. The plaintiff did not, after being so informed by Wynne, personally tender the process and pleadings to defendant nor request it to defend the actions as she had been informed of defendant's disclaimer and refusal and relied upon them. The plain-

tiff's failure to comply with this condition precedent of the policy was a breach on her part of this condition and a sufficient ground for avoiding liability under the policy in the absence of facts constituting a legal excuse or waiver. 2 Cooley Briefs on Insurance (1st Ed.) p. 1169. The weight of authority supports the rule that where it is impossible to give the notice of an accident required by the policy, the failure will not bar a recovery if the notice be given within a reasonable time after the impossibility has passed. 14 Ruling Case Law, p. 1333, §504; *Metropolitan Casualty Ins. Co.* v. *Johnston,* 159 C. C. A. 283, 247 Fed. 65; *Midland Glass & Paint Co.* v. *Ocean Accident & Guarantee Corp.,* 102 Neb. 349, 167 N. W. 211; *Metropolitan Life Ins. Co.* v. *People's Trust Co.,* 177 Ind. 578, 98 N. E. 513.

The same rule must hold where the requirement is to forthwith send to the defendant, as in this case, the papers and pleadings received in the actions brought against the plaintiff. *Stevens & Co.* v. *Frankfort Marine A. & P. G. Ins. Co.,* 207 Fed. 757. The circumstances present in this case would excuse the plaintiff for her failure to send these papers to defendant up to the time she had knowledge of their existence and of the history of the five actions which had been brought, without her knowledge, against her.

Through the misunderstanding of Wynne, the plaintiff never received the process in these actions; therefore she did not, up to the time she knew of them, breach this condition of the contract. In any event the plaintiff would have had a reasonable time after November 23d to have sent defendant these papers.

The defendant had the privilege of waiving conditions inserted in the policy for its benefit, as this condition manifestly was. *Bouton* v. *American Mutual Life Ins. Co.,* 25 Conn. 542, 550; *Batchelor* v. *People's*

*Fire Ins. Co.*, 40 Conn. 56, 64; 3 Cooley's Briefs on Insurance (1st Ed.), p. 2462, and cases cited, and Vol. 7, Supplement, 2462-2464. If Wynne had been authorized to act for the plaintiff when he offered to hand the papers in these cases over to defendant, who refused to defend the actions and disclaimed responsibility because of plaintiff's breach of this condition of the policy, no one could doubt that defendant would have waived its right to insist upon plaintiff's forwarding the papers to it, a requirement which had been inserted in the policy for the benefit of the insurer.

The underlying question in this appeal, as we view it, is, was the plaintiff entitled to rely, as an existing fact, upon defendant's statement to Wynne that it refused to receive the papers in these actions or to defend them. The defendant's disclaimer and refusal to Wynne was its statement of its position. It was deliberately taken upon full knowledge. It makes little difference whether Wynne was at this time or not the representative of the plaintiff. The issue is whether this was at that time the definite position of the defendant and whether the plaintiff believed this to be its position, relied upon it and in consequence did not renew the offer made defendant by Wynne.

We think plaintiff was entitled to accept the statement made to Wynne as defendant's accepted and final position, especially under the exceptional circumstances of this case. From the time defendant made this statement up to the argument of this appeal, the defendant has stood upon its right to disclaim responsibility and to refuse to defend these actions.

It maintained this position when on December 10th following, some seventeen days after plaintiff knew of her situation, and it failed to answer Wynne's letter concerning the two additional cases assigned for trial. The forthwith notice required by this condition of

the policy meant a notice given within a reasonable time. Whether plaintiff could have given this notice at this time would be a question of fact. We could not hold, as matter of law, that it was too late for plaintiff to have then complied with this condition, nor hold that Wynne was not then acting for her in writing the letter of December 10th, nor that this letter, coupled with his previous communication with defendant and defendant's refusal to answer, did not constitute a notice under this condition of the policy and a renewed refusal on the part of the defendant.

The refusal of the defendant on November 23d relieved the plaintiff from the obligation of further complying with this condition. The denial by the defendant of all liability in this case expressly conceded that there was a loss, and was a notice to the plaintiff that it would not be bound in any event, though formal proofs were furnished.

Presentation of proofs under such circumstances was of no importance to either party, and the law rarely, if ever, requires the observance of an idle formality, especially after the party for whose benefit the original stipulation was made, has rendered conformity thereto unnecessary and practically superfluous. *Norwich & N. Y. Transportation Co.* v. *Western Massachusetts Ins. Co.,* 34 Conn. 561, 570 (U. S. Circuit Court); same case on appeal, 6 Blatchford C. C. R. 241.

A large part of the defendant's brief is taken up with a discussion of the proposition that the plaintiff ratified every act of Wynne from the time when he accepted service until her employment of him and therefore the plaintiff must be held to have breached this condition of the policy in having failed to send the papers to the defendant at the time Wynne received them. This claim overlooks the fact that Wynne was not charged as an attorney in the conduct of these

cases with the duty of complying with this provision of the policy. Nor did he know until a year after he had accepted service the true situation. Nor did the plaintiff know until shortly after Wynne did.

Neither the insured, nor her agent, can be held to have breached this provision of the policy in failing to comply with that of which each was in ignorance. 7 Cooley's Briefs on Insurance (2d Ed.) p. 6086, and cases cited.

The plaintiff, at the time of her employment of Wynne, did ratify his acts in accepting service, in filing answers and in his preparation of the actions. She did not ratify his receipt of the papers in these cases at the time he received them. No duty rested upon the plaintiff to forward these papers to defendant until within a reasonable time after November 23d, when she learned of these actions and presumptively of her duty to send the papers to defendant.

Prior to this time defendant had refused to accept the papers and defend the suits and its refusal excused the plaintiff from then sending the papers to the defendant. We have considered the other assignments of error, but do not find harmful error in any of them.

There is no error.

In this opinion the other judges concurred.