American Fidelity & Casualty Company, Inc. *v.*
Northeast Arkansas Bus Lines, Inc.

4-6143                                    146 S. W. 2d 165

Opinion delivered January 6, 1941.

*H. L. Ponder* and *H. L. Ponder, Jr.,* for appellant.
*Joe Clay Young,* for appellees.

HOLT, J.  In July, 1937, appellees purchased from appellant a policy of insurance under the terms of which appellees, operating as the Northeast Arkansas Bus Lines, were indemnified against loss by reason of any damage to person or property.

March 19, 1938, W. T. Shelton claimed to have been injured while a passenger on appellees' bus.

September 10, 1938, Shelton filed suit against appellees in the Lawrence circuit court for damages growing out of his alleged injuries and recovered judgment by default for $1,000. Subsequently appellant effected a compromise settlement and paid Shelton $850.

Thereafter the present suit was filed by appellant against appellees seeking to be reimbursed for the money it had paid to Shelton on his judgment against appellees. On a trial before the court sitting as a jury, there was a judgment in favor of appellees. This appeal followed.

Appellant first contends that although the policy was in effect, all premiums having been paid, appellees were not entitled to protection under it for the reason that they had failed to comply with one of the specific provisions of the insurance policy requiring notice of any claim for injury to be given appellant insurance company within five days from the happening thereof, and that this was a condition precedent to recovery. The insurance policy contains a provision as follows:

"Reporting Accidents, Claims, Suits. (A) Upon the occurrence of an accident or an alleged accident, covered under this policy, the assured shall give immediate written notice thereof with the most complete detailed information obtainable at the time to the company, at its home office in Richmond, Virginia, or to its nearest branch office or to its duly authorized agent; if a claim is made on account of such an accident or if any suit is brought against the assured to enforce such a claim the assured shall forward to the company immediately every written communication, or information as to any verbal communication, and every process, pleading and paper relating to any claim and/or proceeding. The words 'Immediate' or 'Immediately' as used herein shall be construed to mean not exceeding five days. . . ."

We agree with appellant that it devolved upon appellees to show compliance with the above provision, since it is a condition precedent to recovery. We think, however, that appellees have done this.

While the record reflects that the alleged injury to Shelton occurred in March, 1938, and notice thereof was not received by the insurance company until September 15, 1938, appellant would not be relieved of liability on the policy if appellees notified appellant of Shelton's claim of injury within five days of the date on which appellees first learned of any claim of Shelton for alleged injury.

On this point Herschel Batey, one of the operators of the appellee bus line, testified that only the one claim of Shelton had been presented against appellee, and this claim was handled by Richardson & Richardson, Shelton's attorneys; that the first notice to appellees, of Shelton's claim, was received by appellees in the form of a letter from these attorneys on September 14, 1938, and that on the same day this letter was received he (Batey) wrote appellant at its office in Memphis, Tennessee, inclosing the letter from Shelton's attorneys, and within a day or two received the following reply:

"September 15, 1938, . . . Your letter of September 14th addressed to the Underwriters Service Agency of Memphis, together with letter of attorney S. L. Richardson, dated September 3rd, have been referred to this office.

"The above mentioned correspondence reports an accident which is alleged to have occurred on March 19, 1938. This correspondence is the first report we have had from you concerning this matter.

"Policy PT-22273 issued to you by the American Fidelity & Casualty Company definitely and expressly states that all accidents or claims are to be reported to the company or its agent immediately, the word 'immediately' being construed as meaning not more than five days.

"Therefore, in view of the fact that this accident was not reported to this office until practically six months after it occurred, we are forced to deny coverage under the above numbered policy and we suggest that you handle this matter in any way that best protects your own

interests. Yours very truly, F. O. Lanning, Claims Manager.''

Batey further testified that thereafter he mailed to appellant company copy of summons in the case filed by Shelton against appellees.

Appellant's witness, F. O. Lanning, admitted receiving Batey's letter of September 14 with attorney Richardson's letter inclosed, and having written the above letter to appellees.

Jason Light gave testimony on behalf of appellees tending to corroborate Batey as to the date appellees received notice of Shelton's claim through Richardson & Richardson, Shelton's attorneys, Shelton's letter to appellees was written by S. L. Richardson of the firm of Richardson & Richardson. S. L. Richardson did not testify in the cause.

Appellant lays much stress upon the fact that Richardson's letter on behalf of Shelton to appellees appears to have been written September 3rd. It is our view, however, that the testimony of Batey and Light was amply sufficient to warrant the court in finding that the letter conveying the first notice of Shelton's claim to appellees was not received by appellees until September 14, and that appellant was duly notified of the claim the following day, which was in apt time.

The general rule is that the insured is not required to give notice to the insurer until the insured, itself, has notice of a claim for damages.

The textwriter in 29 American Jurisprudence, 834, § 1111, says: ''It is generally held that provisions requiring the insured to give notice or furnish proofs of loss do not apply until the insured has knowledge of the loss. Thus, notice under a liability policy need not be given until after the insured has knowledge that an accident has occurred.'' Under this section is cited the annotations in 76 A. L. R. 81 and 123 A. L. R. 966. In the latter citation is found our own case of *Home Indemnity Company* v. *Banfield Bros. Packing Company, Inc.*, 188 Ark. 683, 67 S. W. 2d 203, wherein this court follows the general rule. We held in that case (quoting

headnote No. 5): "In an action on an automobile indemnity policy, an instruction that failure of insured to give immediate notice of the accident was not a defense if the insured had no knowledge of the personal injury until suit was brought against it *held* proper.".

It is next contended by appellant that even though appellees gave proper notice to appellant, still appellees' failure to take any action or to defend the Shelton suit against them, and their failure to reply to appellant's letter of September 15, denying liability, have thereby estopped themselves from denying that appellant was relieved of liability under the insurance contract in question. This contention, we think, without merit.

It seems to us that the letter of appellant to appellees, *supra,* and especially the last paragraph thereof, is couched in such plain, unambiguous, and certain terms that there could be no doubt left in appellees' minds that appellant denied all possible liability under the insurance contract, and using appellant's own words, "We suggest that you handle this matter in any way that best protects your own interests." In other words, appellant meant to convey to appellees the information that insofar as it was concerned, the matter was closed. This letter required no reply. The law does not impose upon appellees the doing of a vain and useless thing.

The effect of this notice was to inform appellant that appellees were looking to it to defend the claim of Shelton, as required under the insurance contract. This appellant refused to do in its letter of the 15th set out above.

No error appearing, the judgment is affirmed.