DIXIE AUTO INS. Co. *v.* GOUDY.

5-3310

382 S. W. 2d 380

Opinion delivered October 5, 1964.

*Levine & Williams,* for appellant.

*Carlton Currie,* for appellee.

PAUL WARD, Associate Justice. This appeal calls for an interpretation of certain language in a liability insurance policy. An outline of the pertinent facts involved is set out below.

On December 16, 1960 the Dixie Auto Insurance Co. (appellant herein) issued its policy to W. G. Goudy (appellee herein) covering a specifically described 1956

Ford passenger automobile. [A copy of the policy was put in evidence and certain pertinent parts are set out in the briefs to which reference will be made.] On August 15, 1961 appellee bought a 1949 model Ford car. On the same day appellee, while driving this car, had a collision with a car belonging to a Mr. Robert P. Fratesi, resulting in injuries to appellee and Mrs. Fratesi and in damage to Mr. Fratesi's car. Mr. and Mrs. Fratesi filed suit against appellee, and on February 16, 1962 they recovered a default judgment for $5,880.

On September 27, 1962 appellee filed suit against appellant setting out many of the above stated facts and particularly the Fratesi judgment, and prayed for judgment in the amount of $5,880 together with statutory penalty and attorney's fee. Appellant filed an answer, raising the points and issues hereafter discussed.

By consent of the parties the cause was tried before the circuit judge sitting as a jury. The trial resulted in a judgment in favor of appellee as prayed for. This appeal follows.

After a careful study of the record, the briefs, and the points relied on by each party, we find that certain issues relied on by appellant for a reversal are properly raised and they will be discussed in the following sequence.

*One.* Was the 1949 Ford covered by the policy? The trial court held it was, and we agree. Both parties rely on the wording found in § 4 of Paragraph IV of the policy which in material part reads as follows:

"(4) Newly Acquired Automobile—an automobile ownership of which is acquired by the named insured or his spouse if a resident of the same household if (i) *it replaces an automobile owned by either and covered by this policy,* or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required under cover-

age A, B and division i of coverage C if the newly acquired automobile replaces an owned automobile covered by this policy.'' (Emphasis added.)

Appellant relies on the italics in above quotation. It is contended, and we agree, that the 1949 car was not used to replace the 1956 car. However, we think other language makes this contention immaterial. Following the italicized language we find: ''or the company insures *all* automobiles owned by the named insured . . .'' (Emphasis added.) It is, however, appellant's argument that the latter language applies only when the insured owns a fleet of cars and not when he owns just one car. We agree this argument sounds reasonable but it is not sustained by the authorities. The case of *Horace Mann Mutual Casualty Company* v. *Howard K. Bell et al.,* 134 F. Supp. 307 (W. D. Ark. 1955) is very much in point, and sustains appellee herein. There appellant had issued its policy to cover (only) Bell's 1950 Plymouth—being the only car he owned at that time. Later Bell bought a pickup truck which was involved in a collision. The pertinent terms of the policy (set out in the opinion) were like those in this case. In stating the issue the opinion says:

''The evidence in the instant case clearly establishes that the pickup truck purchased by the defendant Bell did not replace the Plymouth automobile described in the policy . . . Thus the crucial question is whether the plaintiff insured 'all automobiles owned by the named insured' at the delivery date.''

In holding the pickup truck was covered, the court quoted with approval the following from *Dunmire Motor Co.* v. *Oregon Mutual Fire Ins. Co.,* 166 Or. 690, 114 P. 2d 1005:

'' 'It is our opinion that, taking the automatic coverage provision in its entirety, it was intended to apply to any other automobile acquired by the assured who owns one or more automobiles, provided that all the automobiles, whether one or more, then owned by him were insured by the defendant corporation.' ''

No decision of our Court in point has been called to our attention, nor do we know of any.

*Two.* Appellant says the judgment of the trial court should be reversed because appellee gave no notice to appellant of the accident as required by the terms of the policy. As stated previously, this case was tried before the court, and, therefore, all findings of fact must be sustained if supported by substantial evidence. It is not denied here that appellee testified he gave notice of the accident involving the 1949 car on the day after it occurred. It is also not disputed that later the matter was turned over to an adjuster who made a detailed report to appellant. It is, however, argued by appellant that the report showed appellee was only interested in being repaid for medical expenses incurred by him as a result of the accident, but we find abundant evidence in the record to sustain a finding that appellant knew of, and investigated, the accident with Fratesi.

*Three.* We cannot agree with appellant that the case must be reversed because Fratesi secured a *default* judgment against appellee. We agree with appellant that ordinarily a jury must be impaneled to assess damages in a case like this. [See *Naperskie* v. *Trevillion,* 202 Ark. 638, 151 S. W. 2d 992.] However in our opinion appellant waived any right it might have had at any time to refuse payment because of the default judgment by denying all liability as further hereafter explained and discussed.

*Four.* It is now strenuously contended by appellant that it is not liable to appellee in any amount because appellee failed to give notice of the Fratesi suit as required by the terms of the policy. In support of its contention, appellant quotes portions of the policy as follows:

"Notice of Claim or Suit—Coverages A and B. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

"Action Against Company—Coverages A and B. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

Again, it is our conclusion that appellant waived its right under the above provisions by denying any and all liability.

Not only does appellant contend there is no substantial evidence to show such a denial but also contends that even so, such denial did not constitute a waiver. We are forced to disagree with appellant on both counts.

The exhibits (introduced in evidence by appellee) included reports, dated November, 1961, to appellant by the adjusting agency. Among other things they showed: (a) an investigation had been made as to the extent of injuries to Mrs. Fratesi as a result of the collision; (b) an investigation had been made as to how the accident occurred; and (c) that appellee was clearly to blame for the accident. Exhibit No. 6 shows that the adjusting agency advised appellant in these words:

"As per your instructions we have contacted the assured and advised that there would be no coverage. * * *

"We have contacted Attorney Jack Davis, who was representing the claimant's collision carrier for their subrogation rights and advised him that Mr. Goudy has no coverage under his policy with your company and we have further contacted Attorney Jay Dickey, who was representing operator of the adverse vehicle for personal injuries, advising him that there is no coverage."

Appellant did not contend it counteracted or modified the above reports.

In view of the above we must conclude there was substantial evidence to sustain a finding that appellant disclaimed all liability under the terms of the policy.

Applying the relevant law to the facts we find appellant waived its rights under the above quoted provisions of the policy.

In the case of *American Fidelity & Casualty Company, Inc.* v. *Northeast Ark. Bus Lines, Inc.*, 201 Ark. 622, 146 S. W. 2d 165, many of the pertinent facts were similar to those of the case under consideration. The policy (as set out in the opinion) provided that assured shall "give immediate notice" of any accident, and shall forward to the insurer "every process, pleading and paper" in case suit is brought. Notice of the accident was not given until six months had elapsed after the accident, and suit was filed against the insured about the same time. There was a trial before the judge and a default judgment was entered in favor of Shelton, the injured party. Appellant paid the judgment, but sued the insured to recover the amount paid on the ground that he had not complied with the provisions of the policy relative to notice. The trial court and this Court held against the insurer's contention upon the ground that the insurer had "denied all possible liability under the insurance contract . . . * * * The law does not impose upon appellees [the insured] the doing of a vain and useless thing." In the case under consideration it seems to us that it would have been a vain and useless thing for appellee to give notice to appellant of the Fratesi suit since it had already disclaimed all liability.

In this connection the general rule seems to be well stated in 45 C. J. S. *Insurance* § 1062:

"—Repudiation of Liability on Different Ground. As a general rule, the insurer under a policy of liability insurance waives objections as to notice of claim and failure to forward papers where it repudiates liability on a different ground."

The reason for this rule is concisely stated in *Haskell* v. *Eagle Indemnity Co.*, 108 Conn. 652, 144 A. 298:

" 'The denial by the defendants of all liability in this case expressly conceded that there was a loss, and

was a notice to the plaintiffs that they would not be bound in any event, though formal proofs were furnished. * * * . . . the law rarely, if ever, requires the observance of an idle formality. . . .' "

See also 76 A. L. R. 147, 123 A. L. R. 974, and 18 A. L. R. 2d 491. In the latter citation there appears this statement:

"It is well settled by the later cases involving this point that the insurer is precluded from defending successfully against an action brought under a liability policy on the ground of a violation by the insured of the provisions as to notice and the forwarding of suit papers where it had denied liability on some other ground."

*Fifth.* Finally it is argued by appellant that the Fratesis should have been made parties to this suit. The answer to that argument is that appellee tried to make them parties but appellant objected, and his objection was sustained by the court.

It follows that the judgment of the trial court must be, and it is hereby, affirmed.

HARRIS, C. J., not participating.