## TRI-STATE INSURANCE CO. *v.* W. D. SMITH, D/B/A SMITH TRUCK LINES

5-5136                                                     449 S. W. 2d 698

Opinion delivered February 9, 1970

*Wheeler, Watkins, Hubbard, Patton & Peek,* for appellant.

*Arnold & Arnold,* for appellee.

FRANK HOLT, Justice. The appellee was insured under a comprehensive liability insurance policy issued by the appellant. During this coverage the appellee was made a defendant in a lawsuit which was defended by appellee's own attorney who sent his bill directly to the appellant. When the appellant offered to pay only two-thirds of the bill, this action was instituted by the ap-

pellee to enforce full payment. The trial court, sitting as a jury, rendered judgment for the full amount which was $2,940 for legal services and $257.70 for expenses. Also awarded was a 12% statutory penalty and attorney's fees. From that judgment comes this appeal.

For reversal the appellant first contends that the trial court erred in rendering judgment against the appellant for the reason that the evidence reflects that the notice given to the appellant as to the alleged incident, as well as the notice of the suit were both insufficient and that appellant's agent was not an official of the appellant company upon whom such notice could be given. We find no merit in this contention.

Appellee's employee allegedly assaulted and severely injured another person. Shortly after this occurrence appellee Smith orally notified appellant's local agent, Harold Hodge, from whom he had procured the policy of insurance issued by appellant. Smith was advised by the local agent that the policy provided no coverage for such an incident. When a complaint was filed by the injured person against appellee Smith and his employee, appellee then hand delivered the complaint and summons to appellant's local agent. Again he was advised that the policy provided no coverage for assault and battery. Thereupon the appellee employed Mr. Boyd Tackett to defend the lawsuit. The trial of the case resulted in a nonsuit by the plaintiff. A few months later the action was refiled against the appellee and his employee. Three days before the second trial of the case Mr. Tackett, upon reading the policy, called the appellant's home office and made inquiry as to the extent of the coverage. It appears this was the first knowledge the home office had of the occurrence. According to Mr. Tackett, appellant's claim manager acknowledged coverage and also stated: "Go ahead and take care of the matter, and when you get through send us a bill and we'll take care of you." Immediately following the telephone conversation, Mr. Tackett wrote a letter to the claim manager detailing the history and status of the pending litigation and briefly reviewing the applicable

law. As indicated, three days later Mr. Tackett again defended the $174,000 lawsuit. A jury verdict absolved the appellee completely.

The policy provides that: "When an accident occurs written notice shall be given by or on behalf of the insured * * * or any of its authorized agents as soon as practicable" and "[i]f claim is made or suit brought against the insured" such notice given shall be immediately forwarded "to the company." Appellant invokes the policy provision that full compliance with "all the terms of this policy" is "a condition precedent" to any liability on the part of appellant. The appellant states that the purpose of such notice provisions as conditions precedent in an insurance policy is to provide the insurer with an opportunity to fully investigate the facts surrounding the claim as well as to control any litigation and interpose available defenses. *National Cas. Co. v. Bryl Johnson,* 226 Ark. 737, 293 S. W. 2d 703 (1956); *Benefit Assn. of Ry. Employees* v. *Otis France,* 228 Ark. 765, 310 S. W. 2d 225 (1958).

Appellee contends, however, that appellant's local agent, Mr. Hodge, who twice repudiated any liability, is more than a mere soliciting agent. He is, in fact, appellant's authorized representative. With this we agree. According to the evidence, appellant's agent (Hodge) did more than solicit and deliver the policy and accept the premium. The policy reflects that the local agent countersigned it as appellant's "Authorized Representative." As such he was notified by appellee when the incident occurred. Later the agent was handed the original complaint and summons when appellee was sued. In each instance appellant's authorized representative advised the insured the policy provided no coverage. It is well settled that in an action on a liability insurance policy the insurer is precluded from defending its liability upon the ground of a violation by the insured of the policy provisions as to notice and forwarding of suit papers where the insurer has denied liability on some other ground. *Dixie Auto Ins. Co.* v. *Goudy,* 238

Ark. 432, 382 S. W. 2d 380 (1964). See, also, 18 ALR 2d, § 31, p. 491; Appleman, Insurance, Vol. 8, § 4747; and 44 Am. Jur. 2d, § 1514, p. 389. The reasoning is that a denial of all possible liability, as in the case at bar by appellant's authorized representative, is equivalent to a declaration that the insurer will not pay the claim even though notice is given in strict accordance with the policy and the law will not require the doing of a vain and useless act. Further, in 44 Am. Jur. 2d, *supra*, it is said:

"* * * It is not necessary, under such a policy, to notify the insurer of a second action brought for the same cause after the voluntary dismissal of the first action, where the insurer was notified of the first action, but denied liability, and refused to defend such action."

There is yet another answer to appellant's contention that insufficient notice was given. In the case at bar there was a clear waiver of any notice provisions when appellant's claim manager acknowledged to appellee's attorney three days before the second trial that coverage for assault and battery was provided in the policy and then asked appellee's attorney to proceed and take care of the matter and send his bill to the appellant. The general rule is well stated in 18 ALR 2d 443, at p. 487:

"It appears to be well settled by all the later cases on this point that the insurer may, by waiver or estoppel, lose its right to defeat a recovery under a liability policy because of the insured's failure to comply with the policy provisions as to notice of accident or claim or as to the forwarding of suit papers. The rationale of this holding obviously is that provisions in respect of notice and forwarding suit papers are inserted for the benefit of the insurer only and that it therefore must be deemed to have the right to waive compliance therewith." Citing *American Fidelity & Cas. Co., Inc.* v. *North-*

*east Ark. Bus Lines, Inc.*, 201 Ark. 622, 146 S. W. 2d 165 (1941).

In the case at bar certainly it must be said that appellant has demonstrated no prejudice to its rights.

The appellant next asserts that the court erred in granting the statutory penalty and attorney's fees because Ark. Stat. Ann. § 66-3238 (Repl. 1966) is inapplicable in this type of action. The reasonableness of the fee is not questioned. The appellant contends that no loss occurred to the appellee within the meaning of the statute and that the appellant issued no type of policy enumerated in this statute. We cannot agree. We recently had occasion to construe this statute as to its applicability where a penalty and attorney's fees were sought in the enforcement of the compensable rights of a Mexican laborer pursuant to certain treaty provisions between the United States and Mexico. That situation is not enumerated in § 66-3238. However, we allowed the statutory penalty and attorney's fees. *Empire Life & Hospital Ins. Co.* v. *Armorel Planting Co., Inc.,* 247 Ark. 994, 449 S. W. 2d 200. We consider that case and the authority cited applicable to the case at bar. We hold that the definitions in our Insurance Code are intended to apply in the circumstances and that the trial court correctly required appellant to pay the statutory penalty and an attorney's fee. An additional fee of $500 is allowed appellee's attorney for his services on this appeal.

Affirmed.