# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2169

_____

|  |  |  |
|---|---|---|
| Gene Kimbrell, d/b/a Gene Kimbrell's Body Shop, Inc., | * * * | |
| Appellee, | * * | |
| v. | * * * | Appeal from the United States District Court for the Eastern |
| Union Standard Insurance Company, | * * | District of Arkansas. |
| Appellant. | * * | |

_____

Submitted:  February 18, 2000

Filed:  March 28, 2000

_____

Before WOLLMAN, Chief Judge, and BOWMAN and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Union Standard Insurance Company appeals a trial court judgment declaring that Gene Kimbrell is indemnified under a garage operations insurance policy issued to his corporation, Gene Kimbrell's Body Shop, Inc.  We reverse based on Mr. Kimbrell's failure timely to notify Union Standard of the underlying lawsuit.

## I.

Mr. Kimbrell was involved in a motor vehicle accident in January, 1997. According to trial testimony, two or three months later he discussed the accident with an individual at First Arkansas Insurance, where he had purchased the Union Standard policy. In May, 1997, Steven Roberts filed a state lawsuit for injuries arising out of the accident, and Mr. Kimbrell filed an answer the same month. In October, the state court granted partial summary judgment to Mr. Roberts, holding that Mr. Kimbrell was liable for the accident. Damages issues, however, still had to be tried. Exactly two months later, Mr. Kimbrell's attorney sent to First Arkansas a copy of the state court complaint and a demand that Union Standard participate in Mr. Kimbrell's defense. First Arkansas forwarded the documents to Union Standard.

In a subsequent letter to Mr. Kimbrell's attorney, Union Standard denied coverage based on policy provisions unrelated to notice and further stated that by relying on these provisions it "[did] not intend to waive any other provisions of the policy." Mr. Kimbrell then filed a state declaratory judgment action, which was removed to federal court. Union Standard's answer to the complaint included an allegation that coverage was precluded because Mr. Kimbrell failed to give notice of the claim. The trial court, prior to entering a judgment holding that the Union Standard policy provided coverage for the accident, denied Union Standard's summary judgment motions, one of which contended that Mr. Kimbrell failed to comply with the policy's notice provisions. On appeal, Union Standard again raises the issue of notice.

## II.

We agree with the parties that Arkansas law applies in this diversity action. In order for timely notice to be a condition precedent to coverage, the insurance policy must use language expressly to that effect or language that necessarily implies that the provision is a condition precedent. *See Hope Spoke Co. v. Maryland Casualty Co.*, 102 Ark. 1, 143 S.W. 85, 86-87 (1912).

Union Standard contends that Mr. Kimbrell breached section 2 of the "Loss Conditions," which sets forth the following "Duties in the Event of Accident, Claim, Suit or Loss":

> In the event of "accident," claim, "suit" or "loss," you must give [Union Standard] or our authorized representative prompt notice of the "accident" or "loss." Include: (1) How, when and where the "accident" or "loss" occurred; (2) The "insured's" name and address; and (3) To the extent possible, the names and addresses of any injured persons and witnesses. ... Additionally, you and any other involved "insured" must ... [i]mmediately send [Union Standard] copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit."

Section 3 of the "Loss Conditions" includes the following language:

> No one may bring a legal action against [Union Standard] under this Coverage Form until: ... There has been full compliance with all the terms of this Coverage Form.

We conclude that the policy "conditions" stating that the insured must give prompt notice and immediately forward legal papers (notice provisions), combined with the requirement that no legal action may be brought without "full compliance with ... [the] Coverage Form," establish by necessary implication that the notice provisions are conditions precedent to recovery. *See M.F.A. Mutual Insurance Co. v. Mullin,* 156 F. Supp. 445, 448, 460-61 (W.D. Ark. 1957) (finding that similar provisions created conditions precedent under Arkansas law); *cf. American Fidelity and Casualty Co. v. Northeast Arkansas Bus Lines, Inc.*, 201 Ark. 622, 146 S.W.2d 165, 165-66 (1941) (policy requirement that insured give notice of claim for injury, within five days of

accident, created condition precedent). Mr. Kimbrell therefore had the burden of proving that he complied with the notice provisions. *See id.*, 146 S.W.2d at 166.

Addressing another issue during the trial, Don Martin (the agent who sold the policy in question) testified that Mr. Kimbrell discussed the accident with a First Arkansas employee about two or three months after it occurred, and we note that on a page of the policy entitled "Common Policy Declarations" Mr. Martin's signature and "First Arkansas Insurance" appear on the signature line and above the words "Authorized Representative." Even assuming, however, that this discussion with Mr. Martin constitutes the required "prompt notice" of the "accident" to an "authorized representative," the policy further compelled Mr. Kimbrell "[i]mmediately [to] send" to Union Standard the legal papers regarding Mr. Roberts's lawsuit.

Although immediate notice does not necessarily mean instantaneous notice, it does mean notice "within a reasonable time under all the facts, circumstances, and conditions." *See Maryland Casualty Co. v. Waggoner*, 193 Ark. 550, 101 S.W.2d 451, 454 (1937). Here Mr. Kimbrell first gave notice of the lawsuit to Union Standard more than six months after the suit was filed and two months after liability was found against him, and he offered no evidence of circumstances justifying such a delay. We therefore conclude that Mr. Kimbrell failed to comply with the provision requiring him to forward the lawsuit papers to Union Standard in a timely manner. *See Hartford Accident and Indemnity Co. v. Loyd*, 173 F. Supp. 7, 10-11 (W.D. Ark. 1959), quoting from relevant policy (eight-month delay not "as soon as practicable"); and *Mullin*, 156 F. Supp. at 461 (breach of duty by insured where insurer accidentally discovered lawsuit a month and a half after it was filed).

### III.

The trial court concluded that Union Standard waived its right to assert the policy's notice provisions by asserting other grounds for denying coverage. In so holding, the court relied on *Tri-State Insurance Co. v. Smith*, 248 Ark. 71, 449 S.W.2d

698, 700 (1970), for the "well settled" principle that an insurer is precluded from defending its liability based on a violation of provisions regarding notice and forwarding of lawsuit papers when it has denied coverage on another ground. The *Tri-State* court reasoned that because the insurer by its denial of all coverage indicates that it will not pay "even though notice is given in strict accordance with the policy," *id.*, 449 S.W.2d at 700, the law will not require the doing of a useless act.

In *Tri-State*, however, unlike our case, the insured gave timely notice of the occurrence and of a related lawsuit, and the insurer's agent twice stated that the policy provided no coverage, *id.*, 449 S.W.2d at 700; the court thus held that the insurer did not have the right to require the insured to give notice when the injured party refiled the action after a nonsuit. *See id.*, 449 S.W.2d at 700-01. Similarly, in *Dixie Auto Insurance Co. v. Goudy*, 238 Ark. 432, 382 S.W.2d 380, 382 (1964), the court held that, by disclaiming all liability under the policy, an insurer "waived," *id.*, 382 S.W.2d at 383, its right to notice of a later lawsuit. On the other hand, in an action to recover life insurance, the Arkansas Supreme Court held that once the policy's mandatory time for reporting a death was over, the insurer's denial of coverage on another ground did not preclude the insurer from later relying on the untimely notice. *See Smith v. American National Insurance Co.*, 111 Ark. 32, 162 S.W. 772, 772-73 (1914).

We note that waiver and estoppel, although often used interchangeably in insurance law, are not synonymous, *see Bethell v. Bethell*, 268 Ark. 469, 597 S.W.2d 576, 581-82 (1980) (elements of estoppel and waiver), and we believe that the above cases apply the doctrine of estoppel when the insured can show that the insurer's denial of coverage induced the failure to comply with the notice provisions. Thus in *Tri-State*, 449 S.W.2d at 700-01, the insurer was properly estopped from asserting untimely notice after its statements denying all coverage induced the very breach upon which it attempted to rely. Here, however, we conclude that Union Standard's denial did not form the basis for an estoppel, because Mr. Kimbrell, rather than being induced to violate the relevant notice provision, breached the contract before he received the

denial letter. We believe, therefore, that the district court's reliance on *Tri-State* was misplaced.

We also note that to establish a waiver (as opposed to an estoppel), Mr. Kimbrell has to show that Union Standard intentionally relinquished a known right. *See Bethell*, 597 S.W.2d at 581. We conclude that, without more, the denial letter, which specifically disavowed an intent to waive any of the policy provisions, cannot support a finding of waiver. *See Smith*, 162 S.W. at 772-73. We also reject any contention that, by asserting in the declaratory judgment action grounds for denying coverage in addition to untimely notice, Union Standard is thereby deprived of the benefit of the policy's notice provisions. *See Dixie Furniture Co. v. Central Surety and Insurance Co.*, 173 F. Supp. 862, 867 (E.D. Ark. 1959), *aff'd,* 272 F.2d 190, 190 (8th Cir. 1959) (*per curiam*). Therefore we conclude that Union Standard was entitled to rely on the policy provisions requiring Mr. Kimbrell to forward the lawsuit papers to Union Standard immediately.

## IV.

Accordingly, we reverse the trial court and remand this case to that court for the entry of a judgment in favor of Union Standard consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-