# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1900

_____

American Railcar Industries, Inc.

*Plaintiff - Appellant*

v.

Hartford Insurance Company of the Midwest

*Defendant - Appellee*

Specialty Risk Services, LLC; Randy P. Murphy

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2017
Filed: February 7, 2017

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

MURPHY, Circuit Judge.

George Tedder worked at American Railcar Industries (ARI). He was injured while he was on a break from work. After his workers compensation claim was

denied, he filed a civil action in federal court against ARI and was awarded over $1.5 million in damages. ARI then filed this insurance coverage action against Hartford Insurance Company (Hartford). The district court[1] granted Hartford summary judgment after concluding that the policy did not cover Tedder's injuries and that ARI's breach of the notification provision in the policy also barred coverage. ARI appeals, and we affirm.

## I.

George Tedder worked for ARI in Arkansas. While Tedder was on a break from work on April 24, 2008, he was struck by a golf cart driven by a coworker. The accident injured Tedder's lower back. At the time of the accident, ARI carried workers compensation and employers' liability insurance that had been issued by Hartford. Part one of the policy insured ARI against workers compensation claims. Under part one Hartford agreed to pay "the benefits required of [ARI] by the workers compensation law." Part two of the policy insured ARI against bodily injury that arose "out of and in the course of the injured employee's employment." Part two also stated that "[t]here will be no right of action against [Hartford] under this insurance unless: 1. [ARI has] complied with all the terms of this policy." Part four required ARI to "[p]romptly give [Hartford] all notices, demands, and legal papers related to the injury, claim, proceeding or suit."

Tedder filed a workers compensation claim on June 6, 2008. ARI promptly notified Hartford of Tedder's injury and his workers compensation claim. The claim was referred to Georgia Diemer at Specialty Risk Services (SRS). SRS was a division of Hartford at the time of Tedder's injury. Diemer hired an attorney to defend Tedder's claim against ARI. Throughout the workers compensation proceedings,

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Tedder's attorney told Diemer that he believed that Tedder's workers compensation claim would not prevail because Tedder had been on break at the time of the accident. Tedder's attorney indicated that he was neverthless required to pursue the workers compensation claim in order to exhaust Tedder's administrative remedies before filing a civil tort action. An administrative law judge (ALJ) determined that Tedder's claim was not compensable under the Arkansas Workers' Compensation Act because he had not been performing employment services at the time of the accident. The full Arkansas Workers' Compensation Commission affirmed the ALJ's decision.

On September 2, 2009, Tedder filed a tort action in federal district court against ARI. ARI did not promptly forward this complaint to Hartford. On September 21, ARI's counsel in the tort action sent a letter to Hartford's lawyer in the workers compensation action asking him for copies of any relevant discovery. Attached to the letter was the answer ARI had filed in the tort action. An ARI employee testified at his deposition that he thought he had notified Diemer in approximately October 2009 that, "hey, this has gone civil." That employee could however not "recall with certainty" if this happened and stated that it was "just a conversation. It wasn't to report it . . . ." A jury awarded Tedder $2,284,88.20 in 2012, but the district court later reduced the award to $1,547,388.20. We affirmed. See Tedder v. Am. Railcar Indus., Inc., 739 F.3d 1104 (8th Cir. 2014).

ARI filed the present insurance coverage action against Hartford in 2013. ARI claimed that Hartford had breached part two of the insurance policy by refusing to cover its losses resulting from the Tedder civil action. The district court granted Hartford summary judgment after concluding that part two of the policy did not cover Tedder's injuries because he had been on a break when the injury occurred. It additionally concluded that ARI had failed to notify Hartford of the civil action and that this breach of the policy obviated Hartford's coverage obligations. ARI appeals.

II.

ARI argues that the district court erred by concluding that it breached the insurance policy by not promptly notifying Hartford of Tedder's civil action. We review a district court's "grant of summary judgment de novo and consider the facts in the light most favorable to the nonmoving party." Nichols v. Tri-Nat'l Logistics, Inc., 809 F.3d 981, 985 (8th Cir. 2016). A district court's grant of "[s]ummary judgment is only appropriate when 'there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.'" Id. (quoting Pinson v. 45 Dev., LLC, 758 F.3d 948, 951–52 (8th Cir. 2014)). We review de novo questions of contract interpretation. Anderson v. Hess Corp., 649 F.3d 891, 896 (8th Cir. 2011).

It is undisputed that Arkansas law governs this action. If an insurance policy treats the giving of notice of a lawsuit as a condition precedent to recovery, "the insured must strictly comply with the notice requirement, or risk forfeiting the right to recover from the insurance company." Fireman's Fund Ins. Co. v. Care Mgmt., Inc., 361 S.W.3d 800, 803 (Ark. 2010). If the notice requirement is a condition precedent, the "insurance company need not show that it was prejudiced by any delays in or lack of notification." Id. The notice requirement in the policy here is a condition precedent to recovery because part two provides that ARI does not have a cause of action against Hartford unless ARI complies with all of the policy's terms. ARI would therefore forfeit any right to recover from Hartford if it did not strictly comply with the policy's notice requirement.

Under part four of the insurance policy, ARI was required to "[p]romptly give [Hartford] all notices, demands, and legal papers related to the injury, claim, proceeding or suit." ARI argues that Tedder's claims throughout the workers compensation proceedings that he would file a civil action, ARI's counsel's September 21 letter to Hartford's workers compensation counsel, and an ARI

-4-

employee's conversation with Diemer all put Hartford on notice that Tedder had filed a civil action against ARI. It is undisputed, however, that ARI did not forward to Hartford all of the notices, demands, or legal papers related to Tedder's tort action. It therefore did not strictly comply with the policy and forfeited any right to recover from Hartford.

ARI alternatively argues that it was not required to comply strictly with the notice provision because Hartford had repudiated coverage. In Arkansas, an insurer is estopped from enforcing its notice provision if the insured can show that the insurer had unambiguously denied coverage and that the denial induced the insured's failure to comply with the notice provision. See Kimbrell v. Union Standard Ins. Co., 207 F.3d 535, 538 (8th Cir. 2000); Am. Fid. & Cas. Co. v. Ne. Ark. Bus Lines, 146 S.W.2d 165, 165–67 (Ark. 1941). ARI argues that Diemer's notes and Hartford's workers compensation attorney's statements to the ALJ denied coverage. Diemer's notes indicate that she had told Tedder's workers compensation attorney that Hartford did not belief the claim was compensable. Her notes do not however indicate that Hartford had informed ARI that it would deny coverage under part two of the policy if Tedder filed a tort action. At the workers compensation hearing the ALJ asked Hartford's attorney whether it had insured ARI "for both comp and premises liability." Hartford's attorney responded, "No, Your Honor." Since the policy here only insured ARI for workers compensation and employers liability, the Hartford attorney's response was accurate and was not an unambiguous denial of coverage.

## III.

For the reasons stated above, we affirm the judgment of the district court.

_____